Walpole *v.* State.

## W. J. WALPOLE *v.* THE STATE.

CRIMINAL LAW.   *Kuklux law.   Section 4770 of the Code construed.*   The prisoner was indicted under Section 4770 of the Code and convicted. The indictment reads as follows: "The defendant on the 5th day of November, A. D., 1877, in the county and jurisdiction aforesaid, then and there unlawfully and feloniously being masked and in disguise, unlawfully and feloniously then and there did enter upon the premises of one Ellis Davis, in said county situate, against the peace and dignity of the State." The facts were, that the prisoner entered the hen-house of the prosecutor, for the purpose of stealing chickens, as acknowledged by himself.   *Held,* that the indictment was proper and the conviction correct.

Case cited:   The State *v.* Box, MS., Jackson, 1875.
Code cited:   Section 4770.

### FROM GIBSON.

Appeal from the Circuit Court.   G. B. BLACK, Judge.

McDEARMON & TYREE for plaintiff.

ATTORNEY-GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The defendant appeals in error from a conviction and judgment under what is commonly called the ku-klux law.   The act under which he was convicted is in the words following: "If any person or persons

·disguised or in mask, by day or by night, shall enter upon the premises of another, or demand entrance or admission into the house or inclosure of any citizen of this State, it shall be considered, *prima facie*, that his or their intention is to commit a felony, and such demand shall be deemed an assault with an intent to ·commit a felony; and the person or persons so offend- ing shall, upon conviction, be punished by imprison- ment in the penitentiary, not less than ten years nor more than twenty years." Act 1869–70, ch. 54, sec. 2, T. & S. Rev., sec. 4770.

The indictment in this case charges that the de- fendant "on the 5th day of November, A. D., 1877, in the county and jurisdiction aforesaid, then and there unlawfully and feloniously being masked and in dis- guise, unlawfully and feloniously then and there did enter upon the premises of one Ellis Davis, in said county situate, against the peace and dignity of the State." The facts are, that the defendant in disguise, so that he could not be recognized until the mask was taken from his face, was caught in the hen-house or chicken-coop of the said Ellis Davis, which was upon the premises and within the yard of said Ellis Davis, and that when so surprised and captured, he confessed his purpose to rob said chicken-house.

It is insisted that the indictment does not charge any indictable offense. It is apparent that the object of this statute was to repress a great evil which arose in this country after the war, and which grew to be an offense of frequent occurrence, that of evil-minded

and mischievous persons disguising themselves to terrify or to wrong those who happened to be the objects of their wrath or resentment. This was a kind of mob law, enforced sometimes by a multitude of vagabonds, who grew to be a great terror to the people, and placed human life and property at the mercy of bad men, whose crimes could scarcely ever be punished, because of the disguises under which they were perpetrated. There were laws already sufficiently rigorous and severe for the due punishment of any and all offenses which might be committed without disguises; and this act of 1869–70 was intended to. strike at offenses committed in masquerade; to make these more highly penal because of the inherent difficulty of identifying offenders who wore masks in order to secure immunity from detection. The mere entry in disguise upon the premises of another is made prima facie evidence of an intention to commit a felony, and this of itself is a substantive offense, from which there is no escape, except by proof that there was in fact no purpose to commit crime. In this case we have not only the prima facie case, but the conclusive case of an intent to commit a felony, by the confession of the prisoner. The very point now made on behalf of the prisoner was adjudged by this court in the case of The State v. Box & Brest, decided in 1875, MS., Jackson. In that case the indictment charged the defendants in the words of the statute, with an unlawful and felonious entry upon the premises of one Hall Hill, masked and in disguise, and demanded en-

Walpole *v.* State.

trance or admittance into the house or inclosure of the said Hall Hill, with the intent to commit a felony. In that case the indictment had been quashed below, and it was adjudged here that it was properly quashed, because in a single count it charges two several offenses. "We are of opinion," say the court, "that the statute makes it a felony to enter upon the premises of another disguised or in mask; and to demand in mask or disguise, entrance or admission into the house of another, is likewise a felony; and also to demand entrance into his enclosure, masked or disguised, is a felony; and the person or persons doing either of said acts subjects himself to the penalty prescribed in the statute." This is the point determined in that case, and it must be held decisive of this. The penalties of a violation of this law are severe, but they have proved themselves wholesome in the partial suppression already of one of the greatest of the disturbing elements of social order in this State.

Affirm the judgment.