**Gary SHARP, Plaintiff-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

March 7, 1974.

Certiorari Denied by Supreme Court June 17, 1974.

Rehearing Denied July 15, 1974.

W. Henry Ogle, Sevierville, for plaintiff in error.

David M. Pack, Atty. Gen., Alex B. Shipley, Jr., Asst. Atty. Gen., Nashville, H. F. Swann, Dist. Atty. Gen., Dandridge, for defendant in error.

GALBREATH, Judge.

## OPINION

Plaintiff in error, Gary Sharp, appeals from a conviction of second degree murder and the jury imposed sentence of from fifteen to twenty years in the penitentiary. His assignments of error are as follows:

1. The evidence is insufficient to support the verdict of the jury and is contrary to the weight of the evidence and preponderates in favor of the innocence of the accused.

2. The trial Court erred in charging the jury in accord with Chapter 192 of the Public Acts of 1973, since said act in unconstitutional.

3. The trial Court erred in instructing the jury in accord with Chapter 163 of the Public Acts of 1973 since said act is unconstitutional.

4. The trial Court erred in failing to grant a mistrial on the various occasions on which it was moved by the defense attorney.

■ Inasmuch as the jury had before it credible and corroborated testimony of witnesses who told them they saw the defendant walk up behind the victim, Edward Romines, grab him by the back of the head and split his throat open with a straight razor, the assignment of error challenging the sufficiency of the evidence is overruled for reasons exhaustively set out by the Supreme Court in such cases as McBee v. State, 213 Tenn. 15, 372 S.W.2d 173.

■ The record sheds little light on the reason for this senseless taking of a human life except to infer that the defendant at the time of the irrational act was under the influence of marijuana and beer that he had ingested earlier. However, all killings are presumed to be murder in the second degree, and the jury may infer malice from the use of a deadly weapon. See McClain v. State, 1 Tenn.Cr.App. 499, 445 S.W.2d 942.

■ Although as anticipated on behalf of appellant Chapter 192 of the Public Acts of 1973 has been declared unconstitutional (see State of Tennessee v. Hailey, Tenn., 505 S.W.2d 712, released February 4, 1974), this can have no bearing on the case sub judice since the subject matter of the Act was punishment for murder in the first degree. When the feared consequences of the complained of procedure do not arise, then the issue is moot. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797.

■ Also without merit is the complaint that by the enactment of Chapter 163 of the Public Acts of 1973 the legislature invaded the province of the judicial branch of government so as to render the Act un-

constitutional. The subject Act codified as T.C.A. § 40–2707 provides:

"Whenever any person over eighteen (18) years of age is convicted of any felony or other crime and punishable by imprisonment in the penitentiary, with the punishment for said offense within minimum and maximum terms provided for by law, the jury in addition to finding the defendant guilty shall fix the minimum and maximum term of the convicted defendant provided that the minimum sentence so fixed shall not be increased to exceed more than twice the minimum sentence as provided by law or the minimum sentence provided by law plus one-half (½) the difference between the minimum and maximum sentence as provided by law, whichever is less. Its form of verdict shall be: 'We find the defendant guilty as charged in the indictment' or 'We find the defendant guilty of . . . (Whatever may be the offense charged), and fix his punishment at imprisonment in the penitentiary for not less than ___ years nor more than ___ years,' and the Court imposing judgment upon such verdict shall not fix a definite term of imprisonment, but shall sentence such person to the penitentiary for a period of not less than nor more than the term fixed by the jury, making allowance for good time as now provided by law."

Following a proper charge of the above recently enacted law by the trial court, said during discussion between the judge and counsel to be the first instance of this instruction being given, the jury fixed the minimum punishment at that provided by law, 10 years, plus one-half the difference between that term and 20 years, the maximum minimum sentence provided, or 15 years. Since it is a valid function of the legislature to provide the various punishments juries are authorized to impose for the commission of crime in this State, it would be patently unlawful for the trial judge *not* to instruct the jury as to the law they must follow in the discharge of their duties. Much of the procedural due process that courts are bound by is derived from constitutional and statutory directive. The former law that Chapter 163 of the Public Acts of 1973 replaced, providing as it did that the jury was to fix the maximum sentence only, was one of many examples of procedural law that courts had to charge juries to remain free from reversable error.

Evidently to the surprise of counsel for both sides the arresting officer testified that he removed a "little bitty knife" from the defendant's person during a search. Strenuous objection and a motion for a mistrial was predicted upon this information being imparted to the jury since a pre-trial motion had been filed requesting an examination by the defense of any tangible evidence obtained from the defendant under the provisions of T.C.A. § 40–2044 and the knife had not been made available for inspection. The trial judge satisfied himself by an out of the presence of the jury hearing that the knife had not been considered by the investigating officers as material evidence linking the accused with the crime charged and instructed the jury to disregard any testimony concerning it. Since all of the evidence on the weapon causing death related to a straight razor, the fact that the defendant had a small pocket knife with him when arrested had no more bearing on his guilt or innocence than would the fact that he may have had a packet of cigarettes in his pocket. We feel sure that the jury, as instructed by the learned trial judge, did not draw any inferences detrimental to the defendant from the inadvertant testimony about the little knife.

The record in this case is voluminous. It consists of about 700 pages and contains the testimony of many witnesses whose testimony is cumulative of others. The purposes of the record would have been much better served if Rules 1 and 2 of the Supreme Court, adopted as our Rules, had been observed. These rules are uniformly

and routinely ignored by the bar practicing before this Court. We admonish counsel in this and future cases to be more attentive to these rules. To abridge, to stipulate where possible, to narrate, to summarize, not only avoids the obvious waste of time and money involved in transmitting the entire record to this Court for review, but greatly facilitates a proper disposition of the issues.

The judgment is affirmed.

OLIVER, J., concurs except with last paragraph.

MITCHELL, J., concurs.