STATE of Tennessee, Petitioner,

v.

Stephen Anthony BRYANT, Respondent.

Supreme Court of Tennessee.

Aug. 20, 1979.

William P. Sizer, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for petitioner.

Burkett C. McInturff, Kingsport, for respondent.

## OPINION

COOPER, Justice.

We granted certiorari to consider an opinion by the Court of Criminal Appeals, which held that T.C.A. § 39–2802 creates an unconstitutional inference. We reverse. However, because of errors in the trial court's instruction, the case is remanded for a new trial.

The defendant was convicted under this statute as a result of his apparent complicity in the attempted robbery of a

shoe store, carried out by two others, both masked. The statute provides, in pertinent part:

> If any person or persons, disguised or in mask, by day or by night, shall enter upon the premises of another, . . . it shall be considered prima facie that his or her intention is to commit a felony, . . . and the person or persons so offending, shall, upon conviction, be punished by imprisonment in the penitentiary not less than ten (10) nor more than twenty (20) years.

The statute has been construed as authorizing the jury to infer that the defendant possessed the intent to commit a felony from the entry while masked, and to convict on that basis.[1] Cf. Walpole v. State, 68 Tenn. 370 (1878). The Court of Criminal Appeals reversed and dismissed, holding that this inference was unconstitutional, because there was an insufficiently rational connection between the presumed fact and the proved fact upon which the presumption was based. In analyzing this question, the court relied explicitly on Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943), and implicitly on Tot's progeny, Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970), and Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973). The import of this line of cases has, in the past, been taken to be that, if a statutory inference is to be submitted to a jury as being sufficient to support a conviction, the evidence necessary to invoke the inference must be such that "it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57 (1969). See also Barnes v. United States, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973).

■ However, after the filing of the Court of Criminal Appeals opinion, the Tot line of cases was reinterpreted in County Court of Ulster County, New York v. Allen, —— U.S. ——, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). In the Allen case, it was held that the extent of the rational connection between the inferred fact and the proved fact of a presumption necessary to withstand an attack under the due process clause is determined by whether the presumption is a "permissive inference," which the Court defines as one which allows, but does not require, the jury to infer the presumed fact from the proved fact, or whether the presumption is a "mandatory presumption," which is defined as one which requires the jury to find the inferred fact upon proof of the underlying fact, unless the defendant has produced evidence to rebut the presumed connection between the two. In the case of a mandatory presumption, the Court indicated that some form of the standard established in Tot and the subsequent cases would still obtain, in that the constitutionality of the presumption would be determined by its rationality in the abstract, without regard to the facts of the case. However, in the case of a permissive inference, the Court held that, in addition to examining "the presumption's accu-

---

1. The Court of Criminal Appeals held that the offense as set forth above has two elements: 1) Entry upon the premises of another while masked, 2) with the intent to commit a felony. We agree, despite language in each of the two reported cases that have construed the statute to the effect that there is only one element, masked entry, which is punishable even without a showing that the entry was effected with the intent to commit any other felony. Walpole v. State, 68 Tenn. 370 (1878); State v. Box, 1 Shannon's Cases 461 (1875). We simply cannot accept the strained and unreasonable construction of the statute made in those cases, a construction which obviously would permit the conviction of numerous innocent persons. Cf. Capitol News Co., Inc. v. Metropolitan Government of Nashville and Davidson County, 562 S.W.2d 430 (Tenn.1978). Our reading of the statute is supported by language in Walpole v. State, supra. While, as noted above, that case holds that mere masked entry is the substantive offense, it also indicates that a defendant may defeat the State's case "by showing that there was in fact no purpose to commit crime." Walpole v. State, 68 Tenn. 370, 372 (1878). Such a defense would not be effective if the intent to commit a felony were not an element of the crime.

racy in the run of cases," one must also look at the evidence adduced at the particular trial: Instructing the jury concerning the permissive inference will be error only if, "under the facts of the case, there is no rational way the [jury] could make the connection permitted by the inference." —— U.S. at ——, 99 S.Ct. at 2224.

Thus, we must first determine whether the inference created by this statute is permissive or mandatory. The statute states that masked entry is "prima facie" evidence of intent to commit a felony. This language, however, is not determinative, as "prima facie" may be used in various senses, with a range of meaning such that some would fall into each of the categories defined in *Allen, supra. See, e. g. Topinka v. Minnesota Mutual Life Insurance Co.,* 189 Minn. 75, 248 N.W. 660, (1933); *Vance v. Guy,* 224 N.C. 607, 31 S.E.2d 766 (1944); *In re Fink's Estate,* 343 Pa. 65, 21 A.2d 883 (1941). *See also,* McCormick, Evidence, § 342 at n. 26 (2d ed. 1972). Nor can the question be resolved by reference to past judicial interpretation of the statute, as this particular issue appears to be one of first impression.[2] In this context, we are free to interpret the statute liberally so as to sustain its constitutionality. *See, e. g., State v. Netto,* 486 S.W.2d 725 (Tenn.1972). We have doubts—as did the Court of Criminal Appeals—as to whether there is sufficient rational connection, in the abstract, between the fact of entry while masked and the intent to commit a felony for the pre-sumption to stand if measured against the "more likely than not" standard of review, which still applies to the analysis of mandatory presumptions.[3] *See, County Court of Ulster County, New York v. Allen,* —— U.S. ——, ——, 99 S.Ct. 2213, 2230, 60 L.Ed.2d 777 (1979). To avoid this difficulty, we hold that the inference created by this statute is permissive only. Under the holding of *County Court of Ulster County, New York v. Allen, supra,* a permissive inference is unconstitutional as applied to a given defendant only if, on the basis of all the evidence introduced at trial, it would be irrational for a juror to find the presumed fact.[4] The Court of Criminal Appeals predicated its holding on the abstract rationality of the presumption, rather than addressing the question of the constitutionality of the application of the presumption to the defendant in this case. Consequently, its holding that the statute was unconstitutional was error.

■■■ The question remains whether the application of the presumption to the defendant in the instant case was unconstitutional. From the evidence presented at trial, there is no doubt but that the defendant's two accomplices entered the store with the intent to rob it. Thus, under proper instructions, the use of the statutory presumption in this case would have been constitutional. However, proper instructions were not given. When a jury is instructed concerning a permissive inference, the instructions should make clear that the

---

2. Only *Walpole v. State,* 68 Tenn. 370 (1878), alludes to the issue, in dicta to the effect that, upon proof of masked entry, a defendant must prove that he had no intent to commit a felony.

3. It would serve no purpose to attempt an exhaustive catalogue of those instances in which persons go about in mask or disguise with innocent intent. Suffice it to say that, at the trial of this case, one of the store clerks testified that it was a common occurrence for persons to enter the store while wearing ski masks similar to those worn by the robbers. There is no indication that any of those others did so with felonious intent.

4. This opinion seems to imply that it is not constitutionally impermissible to instruct a jury concerning a permissive inference even absent *any* rational connection between the proved fact and that presumed, as long as there is other evidence that would permit a rational juror to infer the presumed fact. *See County Court of Ulster County, New York v. Allen,* —— U.S. ——, ——, 99 S.Ct. 2224, 2228 (1979); *id.,* —— U.S. at ——, 99 S.Ct. at 2230 et seq. (Powell, J., dissenting). Given that there is some rational connection between the fact of masked entry and the presence of an intent to commit a felony, we find it unnecessary to determine whether a completely irrational presumption would satisfy the requirements of the due process clause of the Tennessee Constitution, Article I, § 8, assuming that, under *Allen, supra,* it would satisfy those of the 14th amendment. The Tennessee provision did not provide a basis for the holding of the Court of Criminal Appeals, and arguments based upon it have been advanced before this court by neither the State nor the defendant.

jury may, but need not, draw the inference suggested by the statute, regardless of whether there is any evidence in the record to rebut the connection between the proved and the presumed facts. *Bush v. State,* 541 S.W.2d 391 (Tenn.1976). *See State v. Roberts,* 88 Wash.2d 337, 562 P.2d 1259 (1977). In the instant case, no express instructions were given as to the effect of the inference. To the contrary, the instructions given were susceptible to the interpretation that the jury *must* convict upon a showing of masked entry, absent proof that there was no criminal intent.[5] This was reversible error. *See Sandstrom v. Montana,* —— U.S. ——, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Accordingly, the defendant's conviction is reversed, and the case remanded for a new trial.

On retrial, the trial judge will instruct the jury fully concerning the nature of the permissive inference established by the statute, assuming of course that there is sufficient evidence introduced at trial to make the inference a rational one. The instructions should indicate that the jury may, *but need not,* infer that a person intended to commit a felony from the fact of his entry upon the premises of another while masked. The jury should be further instructed that the inference has no effect on the requirement that the State prove all elements of the offense beyond a reasonable doubt.

The case is remanded for further proceedings consistent with this opinion. Costs will be taxed to the defendant.

BROCK, C. J., and FONES, HENRY, and HARBISON, JJ., concur.

**5.** The trial judge's instructions concerning T.C.A. § 39–2802 were as follows:

The charge set out in the first count of this indictment or presentment is founded on Section 39–2802 of the Tennessee Code Annotated, which reads as follows, and I quote:

If any person or persons disguised or in mask, by day or by night, shall enter upon the premises of another, or demand entrance or admission into the house or inclosure of any citizen of this state, it shall be considered prima facie that his or her intention is to commit a felony, and the person or persons so offending, shall, upon conviction, be punished by imprisonment in the penitentiary

not less than ten (10) years nor more than twenty (20) years.

Defendant is not charged with a principal offense, but he is charged with aiding and abetting another.

So, in this case, if you find from all of the evidence, beyond a reasonable doubt that the defendant, aided and abetted Scott Roller, or was present, aiding and abetting and ready and consenting to aid and abet Scott Roller in the commission of the criminal offense of entering the premises of another while disguised or in mask, within this county and prior to the finding of this indictment or presentment, then you should convict him and fix his punishment.