**STATE of Tennessee, Appellee,**

v.

**Joe E. BAKER, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Jan. 7, 1987.

Permission to Appeal Denied by Supreme Court April 13, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, James W. Thompson, Asst. Atty. Gen., Nashville, Michaela K. O'Neill, Asst. Dist. Atty. Gen., Memphis, for appellee.

Richard J. Ryan, Jr., Richard J. Ryan, Sr., Memphis, for appellant.

## OPINION

O'BRIEN, Judge.

Joe E. Baker was convicted of driving under the influence of an intoxicant in a jury trial and sentenced to sixty (60) days incarceration in the workhouse. The court directed that he serve five (5) days confinement to be followed by a probationary period of eleven (11) months and twenty-nine (29) days. He was fined $300.

Defendant raises three issues for reversal, he asks:

(1) Can a trial judge in charging a statute to a criminal jury substitute the word "inference" for the word "presumption"?

(2) Were the witnesses properly qualified as to the readings of the Auto-Intoximeter?

(3) Was the Auto-Intoximeter qualified as a scientifically acceptable instrument for breath testing for alcohol content?

The defendant charges it is unconstitutional for a trial court to change the wording of a statute in order to charge a jury. The reference is to T.C.A. § 55–10–408 which provides in pertinent part, "(b) evidence that there was, ... ten-hundredths of one percent (.10%), or more, by weight of alcohol in the defendant's blood, shall create a *presumption* that the defendant was under the influence of such intoxicant, and that his or her ability to drive was impaired ..." In this case the trial judge instructed the jury on the provisions of T.C.A. § 55–10–408, but substituted the word "inference" for "presumption" in the instructions. Defense counsel had objected to the use of any reference to the Intoximeter or the presumption created by the evidence that defendant's blood alcohol content exceeded ten-hundredths of one percent (.10%). The objection was that T.C.A. § 55–10–408 was unconstitutional because the word "presumption" was used and that the trial court had no power to amend the Act of the Legislature by substituting the word "inference".

The United States Supreme Court has held that the due process clause of the Fourteenth Amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. This principle prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the State of its burden of persuasion beyond a reasonable doubt of every essential element of the crime. *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 1970, 85 L.Ed.2d 344 (1985), and cited authorities. More recently, in *State v. Martin,* 702 S.W.2d 560 (Tenn.1985), the Tennessee Supreme Court has made its own analysis of *Francis v. Franklin,* supra, and citing from its previous ruling in *State v. Bolin,* 678 S.W.2d 40, 44–45 (Tenn. 1984), reiterated, "that trial judges should avoid the use of the term 'presumption' in instructing juries in criminal cases except for the presumption of innocence." The trial judge in this case wisely substituted the word "inference" for the word "presumption" used in the statute. Further, he went on to instruct the jury that they were not required to make this inference, and that the inference could be rebutted by other evidence in the case. He fully instructed the jury that it was their exclusive province to determine whether the facts and circumstances shown by the evidence warranted any inference which the law permitted them to make, and that it was their duty to determine the guilt of the defendant, upon the evidence produced by the State, beyond a reasonable doubt. Moreover, a defendant will not be heard to complain of the conduct or rulings of a trial court which are not adverse to him, or

prejudicial to his rights. The issue is without merit.

Defendant says the State improperly failed to qualify the Auto-Intoximeter as reliable for the purpose of testing blood alcohol content. In *State v. Johnson,* 717 S.W.2d 298, 304 (Tenn.Cr.App.1986), after an extensive and thorough analysis of text studies and case law on the issue, this Court held that, "It is obvious from the wide use being made of the Auto-Intoximeter by both State and Federal governments for both law enforcement and medical purposes that it is accepted in the scientific community," and that the soundness and reliability of the process and technique of generating evidence by the use of the device has been demonstrated. We overrule on this issue.

Defendant also asks us to rule, as a matter of law, that the officer who testified about the operation of the Auto-Intoximeter was not qualified to testify regarding the basic scientific theory of the operation of the machine. The qualification of a witness as an expert is a matter within the sound discretion of the trial court, whose decision in such matters will not be reversed on appeal, absent a clear abuse of discretion. We find no abuse of discretion in this case. Officer G.A. Johnson, a certified operator of the Auto-Intoximeter testified he had 80 hours of classroom training, had administered approximately 2,000 tests with the machine, he explained how the machine worked and the theory behind this operation. He testified about the circumstances of the test taken by defendant. Officer Richard Mills testified his training included an 80 hour course at the factory where the machine was manufactured, a 32 hour course in Nashville, a 40 hour course at Northwestern University, a 20 hour course at the University of North Florida, and he had attended seminars at universities in the State of Tennessee. He related the machine used to test the defendant had been checked two days prior to the date the test was made, and again shortly after. It was found to be working properly on both occasions. Their testimony clearly established their qualifications to testify as well as the accuracy, dependability and reliability of the particular device used in the testing on defendant. The defense had every opportunity to rebut the State's evidence by calling witnesses to challenge the accuracy of the machine, the qualifications of the operator, and the degree to which established test procedures were followed. See *State v. Johnson,* supra. Moreover, there was other evidence from the arresting officers concerning the defendant's driving pattern and their observations of his appearance, his speech, and activities at the arrest scene. The issue is without merit.

The judgment of the trial court is affirmed.

DWYER and DUNCAN, JJ., concur.