# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

AUGUST 1997 SESSION



**FILED**

**October 24, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C.C.A. No. 01C01-9611-CR-00483 |
| | ) | |
| vs. | ) | Wilson County |
| | ) | |
| **CHARLES BOURGEOIS,** | ) | Honorable J.O. Bond, Judge |
| | ) | |
| Appellant. | ) | (DUI) |
| | ) | |

FOR THE APPELLANT:

FRANK LANNOM
Attorney at Law
P.O. Box 649
Lebanon, TN  37088-0649

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

ELLEN H. POLLACK
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

TOM P. THOMPSON, JR.
District Attorney General

DOUG HALL
Assistant District Attorney General
111 Cherry Street
Lebanon, TN  37087

OPINION FILED: _____

**REVERSED AND REMANDED**

CURWOOD WITT
JUDGE

## OPINION

The defendant, Charles Bourgeois, appeals his conviction of driving under the influence. Bourgeois was convicted following a jury trial in the Wilson County Criminal Court. The court sentenced him to serve 11 months, 29 days, with all but 10 days suspended in favor of probation, revoked his driver's license for one year, and fined him $350.00 plus costs. In this direct appeal, Bourgeois alleges the trial court improperly admitted evidence of the level of alcohol in his blood. Although we find no merit in this argument, we nevertheless reverse the defendant's conviction and remand for a new trial, based upon plain error in the trial court's instruction to the jury.

On November 18, 1995, Bourgeois was arrested for driving under the influence following a traffic accident in Wilson County. He submitted to a blood test to determine his blood alcohol concentration on the request of the arresting officer. According to a TBI forensic scientist who tested the Bourgeois blood sample, the blood alcohol concentration was .18%.

### I

Bourgeois contends in this appeal that the trial court erred in admitting the evidence of the level of alcohol in his blood. While he concedes the relevance of the test result that his blood alcohol concentration was .10% or more, he argues the evidence of the exact amount by which the concentration exceeded .10% should not have been admitted by the trial court because it was (1) irrelevant, or if relevant, its probative value was outweighed by its danger of misleading the jury, (2) not evidence that would substantially assist the trier of fact, and/or (3) so speculative as to deprive him of his right to due process and a fair trial.

At the time of the offense of which the defendant was convicted, the DUI statute provided a conclusive presumption of intoxication and impairment upon

**2**

a showing the blood alcohol content was .10% or greater. <u>See</u> Amendments, Tenn. Code Ann. § 55-10-408 (Supp. 1996). The trial court found this conclusive presumption unconstitutional, found no severability clause in the statute which would allow it to elide only the unconstitutional portion of the statute, and applied the prior version of section 55-10-408 to the defendant.[1] Under prior law, a blood alcohol weight of .10% or greater created a presumption of intoxication and impairment. <u>See</u> Amendments, Tenn. Code Ann. § 55-10-408 (Supp. 1996). Accordingly, the court allowed the TBI scientist to testify that the weight of alcohol in the defendant's blood sample was .18%.

The defendant would have us hold the court should have allowed the TBI scientist to testify that his blood alcohol content was .10% or greater, without specifying the exact percentage. He opines that allowing the jury to have the information of the exact percentage, without expert testimony to assist in interpreting the meaning of the percentage, permitted the jury to engage in "wild speculation" as to its meaning. We are unpersuaded. At trial, the state had the burden of proving the defendant was intoxicated and thereby impaired. The state had no burden of showing the extent of that impairment. By introducing evidence that the weight of alcohol in the defendant's blood was .18%, the state presented evidence from which the trier of fact, guided by the statute, could infer the defendant's guilt. In a case of this nature, the jury is not left to speculate on the meaning and effect of any alcohol above .10% in the defendant's blood because that is not at issue unless the defendant puts it at issue by attempting to show he

---

[1]Although neither party challenges the propriety of the trial court's action in this regard, we note parenthetically this action is in accord with a recent decision of this court in another DUI case. <u>State v. Mark Spencer King</u>, No. 01-C-01-9608-CR-00343 (Tenn. Crim. App., Nashville, Sept. 18, 1997); <u>see also</u> <u>State v. Dixon</u>, 530 S.W.2d 73, 75 (Tenn. 1975) ("[A] criminal statute superseded or repealed by an unconstitutional act is left unaffected by the passage of the void repealing act.").

was not impaired despite the level of alcohol in his blood. In the event the defendant wishes to challenge the inference that may be drawn from the evidence of his blood alcohol level of .10% or greater, he may present expert evidence of his own which will assist the jury in interpreting the particular result and its effect on him individually. In sum, evidence of the exact level of alcohol in Bourgeois' blood was relevant, material, and would not lead to "wild speculation" by the jury. See Tenn. R. Evid. 401, 402, 403. The testimony of an expert with special skill in determining the concentration of alcohol in a defendant's blood sample is of substantial assistance to the trier of fact in determining whether the defendant is guilty of DUI. See Tenn. R. Evid. 702.

While we credit defense counsel with zealous advocacy on behalf of his client, we find this issue without merit.

## II

Bourgeois alleged in his motion for new trial that the trial court improperly instructed the jury on the statutory presumption of intoxication and impairment upon a showing of a weight of alcohol in the blood of .10% or greater, thereby violating his constitutional guarantee of due process. This argument was not raised in the defendant's brief; nevertheless, we elect to address it under Rule of Criminal Procedure 52(b) and Rule of Appellate Procedure 36(a).

Due process requires the state to prove every element of a crime beyond a reasonable doubt. See U.S. Const. amend. XIV, § 1. In proving its case, the prosecution may not use evidentiary presumptions which are conclusive in nature or shift the burden of proof to the defendant. Francis v. Franklin, 471 U.S. 307, 105 S. Ct. 1965 (1985); Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450 (1979). In the context of another DUI case, the Tennessee Supreme Court recently

4

articulated:

> We <u>caution</u> both court and counsel that the United States Supreme Court, as well as this Court, has held that the due process clause of the Fourteenth Amendment protects an accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. This principle prohibits the State from using evidentiary presumptions in a jury charge that have the effect of relieving the [s]tate of its burden of persuasion beyond a reasonable doubt of every essential element of the crime. Francis v. Franklin, 471 U.S. 307, [313], 105 S. Ct. 1965, 1970[] (1970); State v. Baker, 729 S.W.2d 286, 287 (Tenn. Crim. App. 1987). In State v. Martin, 702 S.W.2d 560 (Tenn. 1985) [overruled on other grounds, State v. Brown, 836 S.W.2d 530 (Tenn. 1992)], this Court, citing from its previous ruling in State v. Bolin, 678 S.W.2d 40, 44-45 (Tenn. 1984), reiterated, "that trial judges should avoid the use of the term 'presumption' in instructing juries in criminal cases except for the presumption of innocence. In its place juries may be instructed that a permissible inference may or may not be drawn of an elemental fact from proof by the State of a basic fact, but that such an inference placed no burden of proof of any kind upon a defendant."

State v. Sensing, 843 S.W.2d 412, 417 (Tenn. 1992) (emphasis added). If the jury is erroneously instructed, reversal is required unless the error was harmless beyond a reasonable doubt. See Tenn. R. App. P. 36(b); Tenn. R. Crim. P. 52(a).

In the case at bar, the trial court instructed the jury in pertinent part:

> Evidence that there was, at the time alleged, ten-hundredths of one percent (.10%) or more by weight of alcohol in the [defendant's] blood shall create a presumption that the [d]efendant was under the influence of such intoxicant, and that the [d]efendant's ability to drive was impaired thereby, sufficiently to constitute a violation of 55-10-401.
> . . .
> I have used the terms presumption and inference during this trial. It is the exclusive province of the jury to determine whether the facts and circumstances shown by all the evidence in the case warrant the inference which the law permits the jury to draw. The presumption or inference may be rebutted by direct or circumstantial evidence or both, whether it exists in the evidence of the [s]tate or is offered by the [d]efendant. Although the [d]efendant is not required by law to do so, when the [d]efendant offers an explanation along with all the evidence to determine not only the correctness of the presumption or inference, but also the reasonableness of the [d]efendant's explanation[, y]ou are not bound to accept either the inference or the [d]efendant's explanation. The [s]tate must prove beyond a reasonable doubt every element of the offense before the [d]efendant can be found guilty.

These instructions, which employ the "presumption that the [d]efendant was under

the influence of such intoxicant, and that the [d]efendant's ability to drive was impaired thereby," unfairly relieved the state of its burden of proof as to an essential element of the offense of DUI. Also, the instruction that the presumption "shall," rather than "may," arise from evidence of alcohol in the blood of .10% or greater could be interpreted by a reasonable juror as mandatory. See State v. Bryant, 585 S.W.2d 586 (Tenn. 1979). The language that follows does not cure the error. See Francis, 471 U.S. at 316, 105 S. Ct. at 1972, 1794 (language that presumption "may be rebutted" does not cure error of instruction which commands jury to presume an element of the offense from the evidence, nor does general instruction as to prosecution's burden of proof). We likewise note the charge, read in its entirety, does not explain or cure the error illustrated above. See Francis, 471 U.S. at 325, 105 S. Ct. at 1977. We cannot say this error is harmless beyond a reasonable doubt because the proof of impairment, other than the blood-alcohol test result, was not compelling. As such, Bourgeois' conviction is constitutionally infirm and cannot stand.

On remand, if the state presents the test result as evidence, the court should instruct the jury that the law allows it to infer the defendant was under the influence of an intoxicant and his ability to drive was impaired by such intoxication from proof that there was .10% or more by weight of alcohol in the defendant's blood. However, the jury is not required to make the inference, and in its province as trier of fact may determine whether the facts and circumstances as shown by the evidence warrant any inference which the law permits to be drawn from the blood test result. Moreover, the inference, if drawn, may be rebutted by other evidence and circumstances. Ultimately, the jury is to determine whether to make the inference, the correctness of the inference, and the weight to be given to any such evidence. See State v. Baker, 729 S.W.2d 286 (Tenn. Crim. App. 1987) (trial court properly instructed jury in DUI case); Bryant, 585 S.W.2d at 589-90 (outlining proper

6

procedure for instructing jury on a permissive inference based upon a statutory presumption).

Accordingly, we reverse the defendant's conviction and remand to the trial court for a new trial, consistent with the holdings of this opinion.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
JOE G. RILEY JR., JUDGE

_____
JOSEPH H. WALKER, III, SPECIAL  JUDGE

7