# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1998 SESSION

FILED

March 12, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | NO. 02C01-9702-CR-00075 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JAMES C. BEASLEY, JR., |
| MICHAEL DINKINS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated assault; |
| | ) | Theft under $500) |

## CONCURRING OPINION

I concur with my learned colleagues as to the disposition of the identification jury instruction issue; however, I write separately to express my views on the parole eligibility jury charge.

## I

In State v. Jason M. Weiskopf, C.C.A. No. 02C01-9611-CR-00381, Shelby County (Tenn. Crim. App. filed February 4, 1998, at Jackson), I, along with Judges Wade and Hayes, concluded that instructing a jury that they "could weigh and consider the meaning of a sentence of imprisonment" in determining guilt or innocence was a violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, § 8 of the Constitution of Tennessee. Slip op. at 8-9. Although subject to a harmless error analysis, we concluded that under the facts of that case the unconstitutional jury instruction was not harmless error. I continue to adhere to my belief that expressly instructing a jury it can "weigh and consider" the sentence in determining guilt or innocence is a violation of both the federal and state constitutions.

The jury instruction used in the subject case was different than the one used in Weiskopf. In the subject case the jury was not instructed that they could weigh and consider the meaning of a sentence of imprisonment. Instead, the jury was

instructed that the sentencing information was furnished "for your information only," and not to attempt to fix any punishment. I believe this instruction is substantially different than telling a jury that they can consider sentencing in determining guilt or innocence.

## II

Prior to 1982, juries in Tennessee determined not only the guilt or innocence of a defendant, but also assessed the punishment consisting of imprisonment. *See* Tenn. Code Ann. § 40-2707 (Supp. 1981). Jury trials were not bifurcated; therefore, the court instructed the jury as to the range of punishment along with other provisions of the jury charge relating to guilt or innocence. Such instructions were not unconstitutional. Sharp v. State, 513 S.W.2d 189, 191 (Tenn. Crim. App. 1974). Only the provision relating to charging the jury on parole eligibility and related matters was subject to constitutional challenge. *See* Farris v. State, 535 S.W.2d 608 (Tenn. 1976). Even in Farris, only three (3) members of the court found the provision unconstitutional. Two (2) justices found the statute to be impermissibly vague, and one (1) justice found the statute only to be in violation of the separation of powers doctrine. The remaining two (2) members of the court dissented.

## III

Beginning in 1982 and continuing today, the trial judge, and not the jury, assesses punishment consisting of imprisonment. *See* Tenn. Code Ann. § 40-35-203(a) (1982) and (1997). Tenn. Code Ann. § 40-35-201(b) (1982) further required that, upon motion of either party, the court charge the jury as to possible penalties for the offenses charged. Advising the jury as to the range of punishment has never been held to be unconstitutional in Tennessee. In fact, our Supreme Court has stated:

2

> the Legislature desired to give those charged with crimes the option of making certain that the jury knew the punitive consequences of guilty verdicts in the cases under consideration, and this court respects the right of the Legislature to do so.

State v. Cook, 816 S.W.2d 322, 326-327 (Tenn. 1991). The pattern jury charge utilized to convey this information to the jury was as follows:

> The jury will not attempt to fix any punishment or sentence [at this time]. However, for your information only, you are informed that the ranges of punishment as to the crimes involved herein are as follows: [Here list each offense with range.]

T.P.I - CRIM. 43.11 (3d ed. 1992) (emphasis added). The jury charge used in the subject case was identical.

## IV

The only difference in the present statute is that its provisions also require that the jury be advised as to additional information as to sentencing; namely, an approximate calculation of the minimum number of years a person sentenced to imprisonment for the offense charged must serve before reaching the earliest release eligibility date, including parole eligibility, sentence reduction credits and the governor's power to reduce for overcrowding. Tenn. Code Ann. § 40-35-201(b)(2)(A)(i). The jury is further instructed that actual release is a discretionary decision by the Board of Paroles based upon many factors. Tenn. Code Ann. § 40-35-201(b)(2)(A)(ii). This information is detailed, and I fail to see that it is vague.

## V

Furthermore, I fail to see a due process violation when the trial court instructs the jury that the sentencing information is furnished to them for informational purposes only. A jury is presumed to have followed the law as instructed by the trial court. State v. Harris, 839 S.W.2d 54, 72 (Tenn. 1992). The instruction used in this case did not tell the jury that they could weigh and consider this information in arriving at their verdict as to guilt or innocence. In essence, the trial court merely

3

gave the jury sentencing information so that they would understand the punitive consequences of a guilty verdict. This concept has been expressly approved by our Supreme Court. State v. Cook, 816 S.W.2d at 327.

## VI

The statute itself literally requires that the instruction tell "the jury to weigh and consider the meaning of a sentence of imprisonment." Tenn. Code Ann. § 40-35-201(b)(2)(A)(i). This portion of the statute, I believe, is clearly unconstitutional since it tells the jury to consider sentencing in determining guilt or innocence. However, the trial judge in this case disregarded this portion of the statute and stated the sentencing information was provided to the jury "for your information only." By doing so the trial court has utilized the statute in such a way that the instruction was constitutional.

The judiciary has done the very same thing with regard to Tenn. Code Ann. § 55-10-408(a)(Supp. 1997). That statute provides that a blood alcohol content of .10%, or more, "shall create a presumption that the defendant was under the influence . . ." (emphasis added). Our courts have stated that it is proper and, in fact, necessary to substitute the word "inference" for the word "presumption" so as to avoid a constitutional problem. See State v. Sensing, 843 S.W.2d 412, 417 (Tenn. 1992); State v. Baker, 729 S.W.2d 286, 287 (Tenn. Crim. App. 1987). Specifically, this Court in Baker found no merit to the argument that the judiciary had no power to change the statute by substituting a word for that used in the statute. 729 S.W.2d at 287. I believe the trial court acted properly in disregarding the unconstitutional portion of the statute and utilizing the statute in such a way to avoid the constitutional dilemma.

4

## VII

Finally, I reject defendant's argument that the statute is a violation of the separation of powers doctrine. Our Supreme Court in State v. Cook expressly recognized the right of the legislature to direct that the range of punishment resulting from convictions be conveyed to the jury. 816 S.W.2d at 327.

## VIII

It may well be that providing this information to the jury is unnecessary or even unwise since the jury does not assess the punishment. However, this is not the issue before this Court. The issue before this Court is whether providing the jury with sentencing information so that they will understand possible future consequences of their verdict is unconstitutional, when the jury is not told to weigh and consider this information in arriving at their verdict as to guilt or innocence. In view of the language used in this case, I find no constitutional flaws in the charge.

## CONCLUSION

I do concur with my colleagues that if the jury charge was unconstitutional, it was clearly harmless error under the facts and circumstances of this case. However, I write separately to express my view that the jury charge utilized in this case was constitutional.

_____
**JOE G. RILEY, JUDGE**

5