CHARLES IRVIN CUMBO, alias CHARLIE ERVIN CUMBO,

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term, 1958.)

Opinion filed June 5, 1959.

Rehearing denied July 27, 1959.

Len G. Broughton, Jr., Knoxville, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for the State.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The indictment charged Cumbo with burglary, and as being an habitual criminal, within this State's statutory definition thereof, sec. 40-2801, T.C.A. From his conviction and sentence he prosecutes this appeal in error. He concedes that the evidence justifies the conviction of the burglary, but insists that there is no legal evidence in support of the finding that he is an habitual criminal.

The indictment alleges his conviction in North Carolina of three felonies which come within our Habitual Criminal Law and narrates the facts of each in some detail. To sustain these allegations, the State introduced properly certified records of the North Carolina Courts.

As to the first North Carolina conviction alleged in the Tennessee indictment (a 1927 conviction), the name appearing in the North Carolina record is "Chas. Cumbo, alias Irvin Cumbo". In as much as the person named in the Tennessee indictment is "Charles Irvin Cumbo, alias Charlie Ervin Cumbo", it is insisted that there is a fatal variance between the allegations of the Tennessee indictment and the proof supplied by the North Carolina record. If this be true, the State has failed to prove three previous felonies necessary to a finding that Cumbo in an habitual criminal.

It is commonly known that the name "Chas." is an abbreviation of the name "Charles". And, the North Carolina record naming the convicted defendant therein as "Chas. Cumbo, alias Irvin Cumbo" is corroborative of, rather than at variance with, the Tennessee indictment naming the defendant Charles Irvin Cumbo as the person referred to in this North Carolina record.

The North Carolina indictment in the 1927 conviction alleged that the property stolen by Cumbo belonged to H. W. *Mastin*. The Tennessee indictment, in describing, the 1927 North Carolina conviction, alleges that the property stolen belonged to H. W. *Martin*. It is insisted that this is also a fatal variance between the Tennessee indictment and the proof.

The allegation as to a previous conviction in application of the Habitual Criminal Statute "is sufficient if it advises the accused of what conviction he must prepare to defend and enables the court to determine if the statute imposing the greater penalty applies". 25 American Jurisprudence, page 273, and cases there cited; and see annotations in 82 A.L.R. 268, 369.

The allegation in the Tennessee indictment is that on the — day of September, 1927 Cumbo was convicted in the Superior Court of Forsyth County, North Carolina of feloniously breaking into and entering the building occupied by Auto Repairs & Sales Co., a corporation, and stealing therefrom the personal property of H. W. Martin. The North Carolina record, including the indictment and judgment of conviction, is in exact accord with these allegations, except that the indictment alleges the personal property to have been that of H. W. Mastin.

This Court is of the opinion that the allegations in the Tennessee indictment were quite sufficient to advise the accused of what conviction he must be prepared to defend against under this allegation of the indictment. It is inconceivable that the name ''Martin'' in the Tennessee indictment, rather than the name ''Mastin,'' would mislead Cumbo in the slightest respect as to what conviction the Tennessee indictment refers to under this allegation.

Another of the three convictions alleged in the Tennessee indictment is the conviction on the — day of April, 1940 in the Superior Court to Forsyth County, North Carolina. As to that conviction, the indictment alleges that on the — day of February, 1940 Cumbo entered the storehouse occupied by J. A. *T*agg & Sons and stole therefrom 14 cases of cigarettes, the property of J. A. *T*agg & Sons. The indictment and conviction shown in the North Carolina record is identical with these allegations of the Tennessee indictment, except that it alleges the property stolen to have been that of ''J. A. *F*agg & Sons''. It is insisted that this discrepancy as to name *T*agg and *F*agg is a fatal variance between the Tennessee indictment and the proof. But that insistence must be rejected for the reasons stated hereinabove in rejecting that same insistence as to the 1927 conviction. An added reason is the application of the rule of idem sonans. 11 A.L.R.2d 886.

With further reference to his 1940 North Carolina conviction, the Tennessee indictment alleges that Cumbo was convicted in the North Carolina Court under the name of *Charles Irvin Cumbo,* whereas the North Carolina record, so it is insisted by the plaintiff-in-error here, is that the person named in the North Carolina *judgment*

of conviction is *"Irvin Cumbo"*. Therefore, says the plaintiff-in-error, it was reversible error to admit this certified record of the 1940 conviction as evidence.

The North Carolina record includes the indictment, as well as the judgment. It is to the judgment alone that this insistence of Cumbo is directed. That indictment names the defendant as "Chas. Irvin Cumbo". The docket number of that indictment, as shown thereon, is 2056. The judgment reciting the conviction against "Irvin Cumbo" recites that it is the judgment in the case which bears docket number 2056. Therefore, this judgment falls exactly within the allegations of the Tennessee indictment as to the 1940 conviction.

As above stated, the allegation in the Tennessee indictment as to this 1940 conviction names the person convicted in 1940 as *"Charles Irvin Cumbo"*. The North Carolina indictment, certified as a part of the North Carolina record in the 1940 conviction, names the defendant therein, as heretofore stated, as *"Chas. Irvin Cumbo"*. In short, the Tennessee indictment uses the word "Charles", whereas the North Carolina indictment uses the word "Chas." It is insisted that this is also a variance so fatal as to have made it reversible error for this 1940 record to have been admitted in evidence. That insistence is rejected for the same reasons stated hereinabove in rejecting an identical insistence as to the 1927 North Carolina conviction.

No point is sought to be made as to any irregularities between, on the one hand, the allegations of the Tennessee indictment as to the 1935 conviction therein alleged, and on the other hand, the North Carolina record of that conviction. Because of that fact as to the 1935 conviction,

and because of the holding hereinabove made as to the 1927 and 1940 convictions, respectively, the conclusion of this Court is that in substance, and to all intents and purposes, the name of the defendant, as alleged in the Tennessee indictment with reference to these three North Carolina convictions, is, in effect, the same as that shown in the North Carolina records.

Plaintiff-in-error, who did not testify, nor offer any evidence, says, however, that notwithstanding the fact that there is no material variance in the names mentioned in the Tennessee indictment and those mentioned in the North Carolina records, nevertheless, those records are insufficient, as a matter of law, to support a finding that he is an habitual criminal.

This insistence is based upon the theory "that the bare introduction of the proof by judicial records alone is insufficient" to establish prima facie that the Charles Irvin Cumbo, alias Charlie Ervin Cumbo mentioned in the Tennessee indictment is the same Charles Irvin Cumbo, alias Charlie Ervin Cumbo referred to in the North Carolina records. He insists that these North Carolina records require corroborative evidence to establish a *prima facie* case of indentity. Some jurisdictions so hold but, apparently, a majority hold to the contrary. See 85 A.L.R. 1104, 1107 et seq., and 11 A.L.R.2d 884, et seq.

In addition to the persuasive authority of this majority holding, and aside from this holding being supported by principle, the question is controlled in this jurisdiction by that section of our Habitual Criminal Statute carried at sec. 40-2804, T.C.A. That section provides that the record of prior convictions "under the same name as

that by which such person is charged with the commission, or attempt at commission, of a felony under the terms of this chapter, shall be prima facie evidence that the identity of such person is the same''. It has heretofore been held herein that the record of the prior convictions of plaintiff-in-error is, in substance, the same as that contained in the Tennessee indictment alledging him to be an habitual criminal.

By necessary implication, the efficacy of this provision of our Habitual Criminal Statute is recognized in *Tipton v. State*, 160 Tenn. 664, 676, 28 S.W.2d 635.

Other questions made by Cumbo's assignments of error have been considered. They are held not to be well taken. No useful purpose can be served by here discussing them. For the most part, they are based upon the theory of variance and lack of corroboration herein discussed and rejected.

Affirmed.