**STATE of Tennessee, Plaintiff-Appellee,**

v.

**Esther MERRIWEATHER,
Defendant-Appellant.**

Supreme Court of Tennessee.

Dec. 7, 1981.

Stanley Fink, Memphis, for defendant-appellant.

Jennifer Helton Small, Asst. Atty. Gen., Nashville, for plaintiff-appellee; William M. Leech, Jr., Atty. Gen., Nashville, of counsel.

## OPINION

HARBISON, Chief Justice.

The single issue presented on this appeal is the sufficiency of jury instructions concerning the statutory "presumption" permitted by T.C.A. § 39–1960 in prosecutions under the bad check law. *See* T.C.A. § 39–1959.

Appellant was indicted for issuing such a check to obtain merchandise at a grocery store. The jury convicted her of attempt to commit a felony, T.C.A. § 39–603, a lesser included offense. *See State v. Staggs*, 554 S.W.2d 620 (Tenn.1977).

The instruction given by the trial judge with reference to the "presumption" was quite brief. It paraphrased the statute, T.C.A. § 39–1960, and stated:

"As against the maker, or drawer thereof, the making, drawing, uttering or delivering of a check, payment of which is refused by the drawee, shall be prima facie evidence and create a presumption of intent to defraud and of knowledge of insufficient funds in, or on deposit with, such bank, corporation, firm or person, provided such maker or drawer shall not have paid the holder thereof the amount

due thereon within five (5) days after receiving notice that such check has not been paid by the drawee . . . . "

Before the instructions were given, counsel for both the State and the appellant suggested that the trial judge use the word "inference," rather than the word "presumption." Counsel for appellant objected to the charge after it was given and assigned it as error in a motion for a new trial.

It is the insistence of appellee that since the jury acquitted appellant of the principal charge and found her guilty only of an attempt, the issue is rendered moot. An attempt, however, requires, among other things, an intent to commit a specific crime. *See Gervin v. State*, 212 Tenn. 653, 657, 371 S.W.2d 449, 451 (1963). The issue in the present case has to do with the instructions regarding proof of the intent of appellant.

The record shows that appellant was engaged in the restaurant business and that she had bought large quantities of groceries from the retail store in question on a daily basis for several weeks. Frequently she paid in cash, but on other occasions she paid by check. Within a fairly short time before and subsequent to the date of the check here in issue, February 10, 1979, appellant had given three bad checks to the grocery store, only one of which she made good after notice of dishonor. Appellant did not testify, but her daughter stated that she was sent by appellant with funds to pay the present check. That testimony was denied by the store manager.

In all events, the intent of appellant was a central issue at trial. The jury could have drawn different conclusions from the testimony.

The instructions by the trial judge made it clear that the State had the burden of proving every element of the offense beyond a reasonable doubt. With respect to the issue of fraudulent intent, however, he simply quoted the statutory language that dishonor accompanied by nonpayment after statutory notice "shall be prima facie evidence and create a presumption of intent

to defraud and of knowledge of insufficient funds" in the drawee bank. T.C.A. § 39–1960. He declined to give any further or explanatory instructions, and in our opinion, in this respect committed error.

The statutory provision in question has been the subject of numerous appellate decisions. In *Smithson v. State*, 222 Tenn. 499, 438 S.W.2d 61 (1969), the Court held that the statutory "presumption" did not shift the burden of proof to the accused as to any element of the criminal offense and that it was nothing more than a "rebuttable presumption." The Court said:

"We think that the establishment of prima facie evidence, or a prima facie case as is presented by these statutes, does not displace the presumption of innocence which attended the defendant at his trial and further does not relieve the prosecutor of carrying its burden of proof, as above indicated." 222 Tenn. at 508, 438 S.W.2d at 65.

Despite this well-settled proposition, the trial judge made no reference in his instructions to the rebuttable nature of the "presumption" nor did he otherwise instruct the jury how they should treat it.

In *State v. Rice*, 490 S.W.2d 516 (Tenn. 1973), the Court held that the statutory "presumption" created by T.C.A. § 39–1960 does not "vanish" or "disappear" upon the introduction of explanatory evidence by the accused.

In several recent cases this Court has had occasion to comment upon the use of the term "presumption" or "inference" in connection with jury instructions. In *Bush v. State*, 541 S.W.2d 391 (Tenn.1976), the subject was reviewed at length. There a common law "presumption" in connection with possession of recently stolen property was discussed. The Court noted that the terms "presumption" and "inference" have frequently been used interchangeably. It held erroneous certain instructions that possession of recently stolen goods, unexplained, was "plenary proof of guilt" and created "a strong presumption of guilt" which, in the absence of explanation by the accused "must necessarily make evidence of guilty

possession stronger." The instructions went so far as to state that not only would such possession be "a strong circumstance," but that it would "raise a presumption of guilt upon which the jury should convict."

The Court in that case stated that the possession of recently stolen goods was a fact from which guilt could be inferred and that the common law "presumption" was not one which "vanished" from the record upon the introduction of explanatory proof by the accused. The Court said:

"It remains to be weighed by the jury against the evidence offered by defendant in explanation of his possession of the recently stolen property." 541 S.W.2d at 395.

The Court concluded that appropriate instructions should be patterned after the holding of *Barnes v. United States*, 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973), to the effect that possession of recently stolen merchandise created a permissible inference of guilt which the jury might or might not accept. The jury should be instructed upon this inference despite explanation offered by the accused, unless the latter should be so strong as to entitle the accused to a judgment of acquittal by the trial court. The jury should also be instructed that the burden of proof remained upon the State to show that the accused had knowledge that the property was stolen.

Similarly, in the case of *State v. Bryant*, 585 S.W.2d 586 (Tenn.1979), the Court dealt with a statutory provision that entry upon the premises of another while masked or disguised should be considered "prima facie that his or her intention is to commit a felony." T.C.A. § 39–2802. The Court, reviewing recent decisions by the Supreme Court of the United States, concluded that the statute created a permissible, rather than a mandatory, inference and that:

"On retrial, the trial judge will instruct the jury fully concerning the nature of the permissive inference established by the statute, assuming of course that there is sufficient evidence introduced at trial to make the inference a rational one.

The instructions should indicate that the jury may, *but need not*, infer that a person intended to commit a felony from the fact of his entry upon the premises of another while masked. The jury should be further instructed that the inference has no effect on the requirement that the State prove all elements of the offense beyond a reasonable doubt." 585 S.W.2d at 590.

■ We are of the opinion that similar instructions should have been given in the present case. While we agree with the Court of Criminal Appeals that the use of the word "presumption," which occurs in the statute, was not necessarily fatal, we believe that the term "inference" is preferable and more accurate in legal theory, as explained in *Bush v. State, supra*. Whichever term is used by the trial judge, however, his instructions should also include explanations that there is no shifting of the burden of proof to the accused and that the triers of fact are free to draw or not to draw the conclusion of fraudulent intent and knowledge of insufficient funds from proof of (1) dishonor of the check and (2) failure to pay after receipt of statutory notice.

■ It is well settled in the decisions in this state that the statutory notice itself is not an element of the offense, and failure to pay after receipt thereof is merely one way by which the State may attempt to show fraudulent intent and knowledge of the worthlessness of the check. *Stines v. State*, 556 S.W.2d 234 (Tenn.Cr.App.1977); *Jett v. State*, 556 S.W.2d 236 (Tenn.Cr.App. 1977).

Because we believe that the instructions given in the present case could have been erroneously construed by the jury in the absence of further explanation, we find them insufficient.[1]

The judgment of the trial court is reversed and the cause is remanded for a new trial. Costs incident to the appeal are taxed to the State.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.

---

1. *See Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).