**STATE of Tennessee, Appellee,**

v.

**Dean WOODSON, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 24, 1985.

Permission to Appeal Denied by Supreme Court Sept. 30, 1985.

Joe B. Jones, Asst. Public Defender, Memphis, for appellant.

W.J. Michael Cody, Atty. Gen., William Barry Wood, Asst. Atty. Gen., Nashville, Hugh W. Stanton, Jr., Dist. Atty. Gen., Leland McNabb, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

DUNCAN, Judge.

The defendant, Dean Woodson, was convicted of aggravated rape and second degree burglary and his punishment was enhanced to life imprisonment for each offense upon the jury's finding that he was an habitual criminal. His two (2) life sentences were ordered to be served consecutively.

The defendant contests the sufficiency of the evidence, says the trial court erred in denying his motion for judgment of acquittal regarding the habitual criminal charge, alleges a jury instruction complaint, and contends his sentences should be served concurrently and not consecutively. We find no merit to any of the defendant's issues.

The State's evidence showed that shortly before 5:00 a.m. on May 14, 1983, a man entered the victim's apartment where she lived with her grandmother. The intruder entered the apartment through an attic opening. A board that had been nailed across the opening was found at the bottom of the stairs.

The victim awakened when the intruder entered her room, shut and locked the door. He choked the victim and kicked her in the stomach. He was armed with a knife. The victim got up and tried to get away. Her assailant inserted his finger into the victim's vagina. The victim was able to open the door, and as her assailant ran down the stairs, he pulled a hairnet over his head. The victim then saw the man enter a nearby apartment. He was wearing a green shirt and green pants. The victim sustained injuries to her arm and knee, and her side was bruised.

The police were called and the victim gave them the name of her assailant. The police then went to the nearby apartment which the man had entered, found the defendant, and returned him to the victim's apartment where she identified him as the person who had assaulted her. The defendant lived at the apartment where he was apprehended. At the defendant's apartment, the police found a pair of green trousers and two (2) hairnets. The victim had seen the defendant standing by his door on one occasion prior to the event in question.

At trial, the victim positively identified the defendant as the person who forcibly entered the apartment and attacked her. She identified the green trousers taken from the defendant's room as being the trousers that her assailant was wearing at the time of the assault. Also, she identified a hairnet as being the one which the defendant pulled over his head as he was leaving her apartment.

We find that the evidence is more than sufficient to warrant a rational trier of fact in finding the defendant guilty of aggravated rape and second degree burglary beyond a reasonable doubt. T.R.A.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

Next, the defendant says that the trial court erred in denying his motion for judgment of acquittal regarding the habitual criminal charge.

The defendant contends that the only evidence connecting him to the underlying felonies that were used to establish his status as an habitual criminal was the judicial records concerning his prior convic-

tions. Particularly relying upon the authority of *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), the defendant maintains that T.C.A. § 39–1–804, which allows the admission into evidence of such records, is unconstitutional, arguing that the statute creates a mandatory presumption that he is in fact the same person as is mentioned in those records, and that the statute, in effect, shifts the burden of proof to him to show otherwise. Thus, he says that these judicial records cannot be used to establish his identity as being the same "Dean Woodson" who had been previously convicted of the underlying felonies, and that therefore the evidence was insufficient to establish his status as an habitual criminal. We find no merit to these contentions and arguments made by the defendant.

T.C.A. § 39–1–804 provides:

In all cases where a person is charged under the provisions of this chapter with being an habitual criminal, the record, or records, of prior convictions of such person upon charges constituting felonies, shall be admissible in evidence, but only as proof that such person is, in fact, an habitual criminal, as defined in § 39–1–801, and a judgment of conviction of any person in this state, or any other state, country or territory, under the same name as that by which such person is charged with the commission, or attempt at commission, of a felony under the terms of this chapter, shall be prima facie evidence that the identity of such person is the same.

The record shows that the Deputy Court Clerk, Gloria Low, testified and presented as exhibits the various indictments and trial court judgments that showed that a person by the name of "Dean Woodson" had been previously indicted and convicted of some thirteen (13) felonies. There was no evidence introduced to indicate that the "Dean Woodson" on trial was not the same "Dean Woodson" named in those judicial records.

■ In habitual criminal prosecutions, our courts have held that where the proof shows that the name of a defendant on trial is the same as the name of a defendant who has been previously convicted, then such proof is prima facie evidence of identity, sufficient to support a conviction for habitual criminality. *Beeler v. State*, 206 Tenn. 160, 332 S.W.2d 203 (1959); *Cumbo v. State*, 205 Tenn. 260, 326 S.W.2d 454 (1959); *State v. Pinkston*, 644 S.W.2d 422 (Tenn.Cr.App.1982).

In *Beeler v. State, supra*, our Supreme Court said:

A majority of the authorities hold that the identity of name of the defendant and the person previously convicted is prima facie evidence of the identity of the person, and in the absence of rebutting evidence, supports a finding of such identity.

206 Tenn. at 166, 326 S.W.2d 454.

Further, in *Cumbo v. State, supra*, the Court held that judicial records showing the name of a person with the same name as the defendant on trial was sufficient to establish a prima facie case of identity, and that corroborative proof was not necessary.

■ The defendant does not dispute the holdings of the foregoing cases, but says that the *Cumbo* and *Beeler* cases predated certain applicable decisions of the United States Supreme Court, particularly *Sandstrom v. Montana, supra*. He argues that under the holding of *Sandstrom*, T.C.A. § 39–1–804 creates a mandatory presumption and, in effect, unconstitutionally shifts the burden of proof to him to prove that he is not the same person as the one named in the judicial records. We disagree.

In *Sandstrom*, the United States Supreme Court held an instruction which told the jury, "the law presumes that a person intends the ordinary consequences of his voluntary acts," was erroneous because such inference, which was based upon facts not in themselves sufficient to show the intent necessary to convict in a homicide case, relieved the State of the duty of showing all of the necessary elements of the offense beyond a reasonable doubt and

shifted the burden of persuasion on the ultimate fact to the defendant.

Unlike the situation in *Sandstrom*, the "prima facie evidence" provision of T.C.A. § 39–1–804 does not operate to shift any burden of proof to the defendant. At the very most, the statute creates nothing more than a permissive inference. The statute does not require the defendant to prove anything.

In *State v. Bryant*, 585 S.W.2d 586 (Tenn.1979), our Supreme Court was concerned with T.C.A. § 39–2–704, which provides in pertinent part:

> If any person or persons, disguised or in mask, by day or by night, shall enter upon the premises of another, ... it shall be considered prima facie that his or her intention is to commit a felony, ...

In that case, the Court construed the "prima facie" provision of that statute to create merely a "permissive inference," i.e., one that allows, but does not require, the jury to infer the presumed fact from the proved fact. We note that in *Bryant*, the Supreme Court reversed the defendant's conviction because proper instructions were not given to the jury concerning the "permissive inference." Further, our Supreme Court ruled similarly in *State v. Merriweather*, 625 S.W.2d 256 (Tenn.1981), where it found that the "prima facie" and "presumption of intent" language of T.C.A. § 39–3–302 (bad check statute) was not fatal, pointing out that in *Bush v. State*, 541 S.W.2d 391 (Tenn.1976), that Court noted that the terms "presumption" and "inference" have frequently been used interchangeably. Also, as in the *Bryant* case, the Court reversed Merriweather's conviction because the jury was not properly instructed.

Thus, we conclude that T.C.A. § 39–1–804 creates nothing more than a permissive inference and cannot be construed as creating a mandatory presumption. It does not shift any burden of proof to the defendant.

■ The State is still required to adduce sufficient proof to establish the identification of the person named in the judicial records as being the same person as the defendant on trial. In short, the proof supplied by the records is nothing more than circumstantial evidence which the jury is entitled to consider, and if the jury is satisfied from that circumstantial evidence regarding the identification question, then such proof is sufficient to sustain the jury's finding of habitual criminality on the defendant's part.

We find no merit to this issue. The trial court correctly overruled the defendant's motion for judgment of acquittal.

In another issue, the defendant takes an alternative approach and says that if we find the statute does not create a mandatory presumption, then we should consider his contention that the trial court erred in failing to charge that the *"prima facie evidence"* provision of T.C.A. § 39–1–804 is permissive and that the jury could accept or reject the evidence that was presented in determining whether he was the same person who had been previously convicted.

In arguing this contention, the defendant relies on the cases of *State v. Bryant, supra* and *State v. Merriweather, supra*, where the Court granted relief because of the trial court's failure to give proper instructions on the permissive inference proposition. We find that the defendant is in no position to rely upon the holdings of these cases.

■ The record shows that the trial court charged the language of T.C.A. § 39–1–804. The defendant neither objected to the charge nor offered any special requests for instructions. Also, the defendant did not list this complaint in his motion for a new trial. Thus, the defendant has waived appellate review of this issue. *State v. Durham*, 614 S.W.2d 815, 816 (Tenn.Cr.App.1981); *Mellons v. State*, 560 S.W.2d 634 (Tenn.Cr.App.1977); *Taylor v. State*, 544 S.W.2d 897, 901 (Tenn.Cr.App. 1976); T.R.A.P. 3(e); T.R.A.P. 36(a).

Finally, the defendant insists that his sentences should be served concurrently and not consecutively, arguing that the trial court did not order consecutive sentencing and did not state any reasons in the record for consecutive sentencing.

We find no merit to either argument.

First, the record shows that on October 3, 1984, the State filed a motion for consecutive sentencing. The trial court's order of October 25, 1984, overruling the defendant's motion for a new trial does include an order of consecutive sentencing.

■ Second, the defendant has failed to include in this appellate record a transcript of the proceedings held on October 25, 1984; therefore, we do not know whether the trial court stated his reasons or not. Accordingly, in the absence of a transcript supporting the defendant's contention, the trial court's ruling must be presumed to be proper. *See State v. Jones*, 623 S.W.2d 129, 131 (Tenn.Cr.App.1981); *see also Dandridge v. State*, 552 S.W.2d 791, 792 (Tenn. Cr.App.1977).

■ Moreover, the record before us affirmatively shows that the defendant is both a "persistent offender" as well as a "multiple offender" as those terms are defined in *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976). Thus, the defendant was an eligible candidate for consecutive sentencing.

The judgments of the trial court are affirmed.

DAUGHTREY and CORNELIUS, JJ., concur.