Gary Wayne LOWE,
Petitioner–Appellee,

v.

STATE of Tennessee,
Respondent–Appellant.

Supreme Court of Tennessee,
at Knoxville.

Feb. 25, 1991.

Dorothy B. Stulberg, Oak Ridge, for appellee.

Kathy M. Principe, Asst. Atty. Gen., Charles W. Burson, Atty. Gen. and Reporter, Nashville, for appellant.

## OPINION

DAUGHTREY, Justice.

This post-conviction appeal is before us on a limited basis, under an order restricting our review to the specific question of "whether the jury instruction in the habitual criminal phase of petitioner's trial impermissibly shifted the burden of proof to the petitioner." At the petitioner's original trial, the judge instructed the jury that "a judgment of conviction of any person under the same name as that of the defendant is prima facie evidence that the identity of such person is the same as the defendant." This language is taken, almost verbatim, from T.C.A. § 39–1–804 (1982).

The Court of Criminal Appeals held that this instruction was unconstitutional, on the ground that it violated federal due process. Because this ruling was not altogether consistent with other opinions of the intermediate court, most of which are unreported, we found it necessary to grant review in this case.

Although we have concluded that the judgment of the Court of Criminal Appeals with regard to the substantive constitutional issue should be affirmed in this case, we have further determined that the record shows conclusively that the petitioner is not entitled to post-conviction relief. We also note that our ruling will have very limited impact. As to its retroactive effect,

there are such hurdles as the post-conviction waiver statute, T.C.A. § 40–30–112, (1982) and the three-year statute of limitations on post-conviction actions, T.C.A. § 40–30–102 (1990 Supp.). As to its prospective effect, there is the additional fact that the habitual criminal statutes, T.C.A. §§ 39–1–801 et seq., have now been superseded by the provisions of the Tennessee Sentencing Reform Act of 1989, T.C.A. §§ 39–11–101 et seq. (1990 Supp.) From and after November 1, 1989, the appropriate sentence for a recidivist is to be determined by the trial judge, based on a formula devised by the legislature, and not by a jury, as in this case.

The instruction at issue here was drawn from the provisions of T.C.A. § 38–1–804 (1982), governing the introduction of evidence of prior convictions in an habitual criminal prosecution. That statute, now superseded, provides:

> In all cases where a person is charged under the provisions of this chapter with being an habitual criminal, the record, or records, of prior convictions of such person upon charges constituting felonies, shall be admissible in evidence, but only as proof that such person is, in fact an habitual criminal, as defined in § 39–1–801, and a judgment of conviction of any person in this state, or any other state, country or territory, under the same name as that by which such person is charged with the commission or attempt at commission, of a felony under the terms of this chapter, shall be prima facie evidence that the identity of such person is the same.

In addition to the "same name" instruction quoted earlier, the trial court in this case defined the term prima facie to mean that the evidence "is to be taken as an established fact unless and until it is overturned or rebutted by proof."

Citing *McMillan v. Pennsylvania*, 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), the petitioner argued below that the trial court's charge unconstitutionally shifted the burden of proof on the issue of identity. The Court of Criminal Appeals agreed, pointing out that the United States Supreme Court in *McMillan* had cited with approval language from an earlier opinion, *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), which referred specifically to the habitual criminal situation now before us. The state also relies on *McMillan*, arguing that because an habitual criminal proceeding involves determination of the sentence, rather than proof of an offense, the constitutional protection against burden-shifting jury instructions does not apply. The state also asks us to hold that any error committed by the trial court was harmless, because there is no proof nor any allegation that Lowe was not the same person named in the other judgments of conviction.

### I.

We elect first to address the substantive question of law. It is true, as the state points out, that the United States Supreme Court has distinguished between the guilt and sentencing phases in imposing constitutional requirements. The seminal case in this area is *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949), in which the Court dealt with the issue of whether the sentencing judge violated due process by using probation records and other out-of-court sentencing information, so that the defendant had no opportunity to confront the person preparing the reports. The Court held that there was no constitutional violation and distinguished between the guilt and sentencing phases of criminal proceedings, saying:

> The due-process clause should not be treated as a device for freezing the evidential procedure of sentencing in the mold of trial procedure. So to treat the due-process clause would hinder if not preclude all courts—state and federal— from making progressive efforts to improve the administrative criminal justice.

337 U.S. at 251, 69 S.Ct. at 1085.[1] The Court warned, however, that "[w]hat we

---

1. The "progressive efforts" referred to concerned modern trends allowing trial courts discretion to achieve individualized sentencing.

have said is not to be accepted as a holding that the sentencing procedure is immune from scrutiny under the due process clause." 337 U.S. at 252, n. 18, 69 S.Ct. at 1085, n. 18, citing *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948) (defendant's lack of counsel during sentencing after entry of guilty plea violated due process).

Thus, in *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977), the United States Supreme Court examined a capital sentencing procedure which permitted a trial court to impose a death penalty based on confidential information not disclosed to the defendant, and, distinguishing *Williams, supra,* held that such sentencing must satisfy the requirements of due process. 430 U.S. at 356–7, 97 S.Ct. at 1203–04. At the same time, the Court noted that the fact that due process was involved does not implicate the entire panoply of criminal trial procedural rights. Once it is determined that the due process clause applies, the question then becomes: what process is due? The Court pointed out in *Gardner* that the concept of due process is flexible in its scope and calls for such procedural protections as the particular situation demands. 430 U.S. at 358, n. 9, 97 S.Ct. at 1205, n. 9.

For example, in *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), the United States Supreme Court held that additional procedural protections are required when a convicted individual is sentenced to a longer term of imprisonment pursuant to a statute which requires additional fact-finding by the sentencer. In *Specht,* the petitioner was convicted under a statute carrying a maximum sentence of ten years, but he was sentenced under the Colorado Sex Offenders Act, which allowed the trial court to give an indeterminate sentence of from one day to life without notice and full hearing. The Court noted that this was a "radically different situation" from that in *Williams v. New York* and held that the proceedings under the Sex Offenders Act were subject to the due process clause. The Court noted that the Sex Offenders Act made "one conviction the basis for commencing another proceed-ing under another Act to determine whether a person constitutes a threat of bodily harm to the public, or is an habitual offender and mentally ill. This is a new finding of fact that was not an ingredient of the offense charged." 386 U.S. at 608, 87 S.Ct. at 1211. The Court agreed with the view expressed by the Third Circuit Court of Appeals in *United States ex rel. Gerchman v. Maroney,* 355 F.2d 302, 312 (3d Cir.1966):

> At such a hearing the requirements of due process cannot be satisfied by partial or niggardly procedural protections. A defendant in such a proceeding is entitled to the full panoply of the relevant protections which due process guarantees in state criminal proceedings. He must be afforded all those safeguards which are fundamental rights and essential to a fair trial, including the right to confront and cross-examine the witnesses against him.

The *Specht* Court further noted that the procedure under review involved "the making of a new charge leading to criminal punishment ... [which] is not unlike those under recidivist statutes where an habitual criminal issue is 'a distinct issue' ... on which a defendant 'must receive reasonable notice and an opportunity to be heard.'" 386 U.S. at 610, 87 S.Ct. at 1212.

The *Specht* court then held that the defendant was entitled to be present with counsel, have an opportunity to be heard, be confronted with witnesses against him, have the right to cross-examine and to offer evidence of his own, and to have findings adequate to make meaningful any appeal. Since none of these procedural safeguards were afforded, the Colorado statute was held to be deficient in due process.

Different courts have applied *Specht* differently to habitual criminal proceedings. However, in at least one case, *Government of Virgin Islands v. George,* 741 F.2d 643, 648 (3d Cir.1984), the court appears to have held under *Specht* that all procedural due process protections, similar to those provided in a regular trial, must inhere in any habitual criminal proceeding where a convicted defendant may be sentenced to a

longer term of imprisonment pursuant to a statute requiring additional fact finding independent of the triggering conviction.

This brings us back to *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), cited by both the state and the defendant in this case. In *McMillan,* a majority of the United States Supreme Court determined that the Pennsylvania enhancement statute at issue did not involve due process considerations requiring proof beyond a reasonable doubt. That sentencing statute mandated imprisonment for an additional five years if the sentencing judge found, by a preponderance of the evidence, that a convicted defendant "visibly possessed a firearm" during the commission of an offense. *Id.* at 88, 106 S.Ct. at 2417. However, this enhancement provision did not alter the maximum penalty for the crime committed, nor did it create a separate offense requiring a separate penalty. The Court therefore held that the statute did no more than dictate the precise weight to be given a traditional sentencing factor, *i.e.,* the use of a firearm in the commission of a violent felony. The *McMillan* majority noted that the Pennsylvania statute "gives no impression of having been tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense." *Id.* at 88, 106 S.Ct. at 2417.

In *McMillan,* the United States Supreme Court characterized *Specht* as presenting "a radically different situation" from the usual sentencing procedure. As we have noted, even before the decision in *Specht,* the Court had recognized that a sentencing procedure such as the one now before us may involve a liberty interest so substantial as to require wide-ranging invocation of due process.

We conclude that Tennessee's habitual criminal procedure is more like the one analyzed in *Specht* than in *McMillan.* We realize that the United States Supreme Court has not specifically addressed the due process question now before us. Based upon what we can learn from the Court's opinions, however, we infer that Tennessee's former habitual criminal procedure presents a "radically different situation" from normal sentencing proceedings and that a fuller extension of due process rights should be made at such a proceeding than is required at a routine sentencing hearing conducted by a judge. We therefore agree with the intermediate court's conclusion in this case that the instruction given by the trial court violated due process because it impermissibly shifted the burden of proof to the defendant.

We note that there has been considerable conflict among the different panels of the Court of Criminal Appeals on this issue.[2] That conflict could have been avoided by following the approach suggested in *State v. Woodson,* 705 S.W.2d 677 (Tenn.Crim. App.1985). In that decision, the intermediate court held that the "prima facie evidence" provision of T.C.A. § 39–1–804 does not necessarily shift the burden of proof to the defendant by creating a mandatory presumption contrary to the dictates of *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Instead, the Court of Criminal Appeals held, the instruction creates nothing more than a permissive inference. The court relied on the analogous cases of *State v. Bryant,* 585 S.W.2d 586 (Tenn.1979), and *State v. Merriweather,* 625 S.W.2d 256 (Tenn.1981), in which this Court found that similar language in other criminal statutes created merely a permissive inference.

---

**2.** Compare the unpublished opinions in *State of Tennessee v. James Randolph Funzie,* Shelby County No. 30, 1986 WL 3184 (Tenn.Crim.App., Jackson, March 12, 1986) [*Funzie I*], where each member of the panel wrote a separate opinion, with *State of Tennessee v. James Randolph Funzie,* Shelby County No. 28, 1986 WL 3540 (Tenn. Crim.App., Jackson, March 19, 1986) [*Funzie II*], in which the same panel relied heavily on *State v. Woodson,* 705 S.W.2d 677 (Tenn.Crim. App.1985). In both cases any error, however,

was determined to have been harmless regardless of the analysis made. This Court dismissed the application in *Funzie I,* and denied the application for permission to appeal, concurring in results only in *Funzie II.* In *State of Tennessee v. Tony Young,* Shelby County No. 3, 1986 WL 13955 (Tenn.Crim.App., Jackson, December 10, 1986), another panel held that the instruction was not unconstitutional, relying on *McMillan,* which had only recently been reported. Permission to appeal was denied in that case also.

In *Bryant* and *Merriweather,* however, we reversed the convictions because there had been no instruction explaining the permissive inference to be drawn from the statutory language. There was a similar failure in *Woodson,* but the Court of Criminal Appeals found that the defendant had waived appellate review of this issue by failing to object to the charge or offer any special requests for instructions at trial.

Like the court in *Woodson,* we find it unnecessary to strike down T.C.A. § 39-1-804 as unconstitutional per se. We conclude, however, in order to pass constitutional muster, however, an instruction given to the jury pursuant to the statute would have to be phrased in terms of a permissive inference. The jury instruction given at the petitioner's trial in this case was not so phrased, and it follows that it violated federal due process requirements.

## II.

The final question is whether Lowe is entitled to post-conviction relief on the basis of this constitutional error. The Court of Appeals ordered a remand, finding that under the terms of *Swanson v. State,* 749 S.W.2d 731 (Tenn.1988), the constitutional issue amounted to a "colorable claim" that could not be considered waived on the basis of an inadequately drafted post-conviction petition, filed by the petitioner pro se.

At the time review was granted, we declined the state's invitation to revisit *Swanson,* holding, somewhat prematurely, that remand was appropriate. After close study of the record, however, we conclude that the petitioner is so clearly not entitled to relief, despite the constitutional error committed at trial, that remand would amount to a futility.

The basis for our conclusion in this regard is the petitioner's failure to allege that the invalid instruction had any effect whatsoever on the outcome of his case. Such a showing is a prerequisite to relief in a post-conviction action. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). And, while we do not depart from our oft-stated position that pro se petitions should not be dismissed out-of-hand, without the opportunity for amendment by appointed counsel, we conclude that even a pro se petition should assert a basic theory of relief. Here, for example, in order to state a "colorable claim" and survive the state's initial motion to dismiss, it was incumbent upon the petitioner to allege that without the unconstitutional jury charge regarding the weight to be given prior convictions in the "same name" as his, he would not have been found to be an habitual criminal.

The petitioner not only failed to make such an allegation but also pleaded a matter in direct contradiction. In his petition, Lowe alleged as an alternative basis for relief that his prior convictions (the same ones used to establish his status as an habitual criminal) were constitutionally invalid, because they were the result of involuntary guilty pleas. In an amended petition, he took the position that two of his four prior convictions did not qualify under the habitual criminal statute as a basis for enhancement. Hence, Lowe has effectively admitted that he has the requisite number of prior convictions to sustain his current conviction as a recidivist, while at the same time seeking to have them invalidated on other grounds. Under these circumstances, we hold that the error committed in connection with the "same name" jury instruction at issue here must be considered harmless.

In summary, although we agree with the conclusion reached by the Court of Criminal Appeals on the substantive question of constitutional law raised on appeal, we disagree with that court's decision to grant the petitioner an evidentiary hearing. The judgment of the Court of Criminal Appeals remanding the case to the trial court is therefore reversed, and the petition is dismissed for failure to state a claim upon which relief may be granted.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.