Jessie L. JONES, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee, at Knoxville.

May 25, 1994.

Timothy P. Coode, Knoxville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Amy L. Tarkington, Asst. Atty. Gen., Nashville, Gary D. Gerbitz, Dist. Atty. Gen., and Thomas J. Evins, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

## OPINION

PEAY, Judge.

The petitioner, Jessie L. Jones, appeals as of right from the dismissal of his second petition for post-conviction relief. He specifically alleges that the dismissal was in error because the statute of limitations was inapplicable due to the establishment of a new constitutional rule. Although we conclude that the petitioner's issue was neither waived nor barred by the statute of limitations, we have further determined that the record shows that the petitioner is not entitled to post-conviction relief.

The petitioner was convicted of armed robbery and aggravated assault with a firearm and was found to be an habitual criminal on January 30, 1985. At the habitual criminal phase of the trial, the trial court instructed the jury as follows:

> Members of the jury, records of prior convictions of the defendant are evidence which you may consider, but only as proof that he is in fact an habitual criminal as that term has been defined above. A judgment of conviction of any person under the same name as that of the defendant is prima facie evidence that the identity of such person is the same as the defendant. Prima facie in law means that it is to be taken as an established fact unless and until it is overturned or rebutted by proof.

The petitioner's convictions were affirmed by this Court on January 30, 1987.[1] Application for Permission to Appeal was denied by the Supreme Court on April 13, 1987. Subsequently, the petitioner, through counsel, filed an amended petition for post-conviction relief on April 30, 1990. This petition was dismissed without an evidentiary hearing on August 22, 1990.

The present petition was filed *pro se* on November 17, 1992. Counsel was appointed, but the record indicates that no amended petition was filed. The State filed a motion to dismiss on December 11, 1992, and the trial court granted the motion on the grounds that the petition was barred by the statute of limitations. The defendant appealed *pro se*, and this Court appointed counsel.

In his sole issue on appeal the petitioner argues that the statute of limitations for post-conviction relief petitions, pursuant to T.C.A. § 40–30–102,[2] should not apply in his case because of a new rule of law set forth in the Supreme Court decision of *Lowe v. State*, 805 S.W.2d 368 (Tenn.1991). In *Lowe*, the Court held that although the habitual criminal statute, T.C.A. § 39–1–804 (1982),[3] was

---

1. *State v. Jones*, 733 S.W.2d 517 (Tenn.Crim.App. 1987).

2. T.C.A. § 40–30–102 states that a prisoner "must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred."

3. T.C.A. § 39–1–804 (1982) provides that where a person is charged with being an habitual criminal, records of prior felony charges shall be admissible and that "a judgment of a conviction

not unconstitutional per se, the jury charge which was patterned after its language impermissibly shifted the burden of proof to the defendant in violation of due process requirements. *Lowe v. State*, 805 S.W.2d at 372. The unconstitutional instruction provided that "a judgment of conviction of any person under the same name as that of the defendant is prima facie evidence that the identity of such person is the same as the defendant." In addition, the trial court defined the term "prima facie" to mean that evidence "is to be taken as an established fact unless and until it is overturned and rebutted by proof." *Id.* at 369.

The petitioner likens his case to that of *Burford v. State*, 845 S.W.2d 204 (Tenn.1992) in which the persistent offender's sentence was based on previous convictions that were no longer valid. Our Supreme Court held that because of the procedural trap in which Burford found himself, whereby he would be forced to serve a persistent offender sentence that was enhanced by previous convictions which were no longer valid, the application of the three (3) year statute of limitations to bar consideration of the appeal would deprive Burford of liberty without due process of the law. *Burford v. State*, 845 S.W.2d at 210. The case was remanded to the trial court for an evidentiary hearing.

The petitioner further cites *Meadows v. State*, 849 S.W.2d 748, 754 (Tenn.1993) (citing *Hellard v. State*, 629 S.W.2d 4, 5 (Tenn. 1982)), for the proposition that a new state constitutional rule would be retroactively applied to claims for post-conviction relief if the new rule would materially enhance the integrity and reliability of the fact finding process of the trial.

We agree with the petitioner that the *Lowe* rule materially enhances the integrity and reliability of the fact finding process. In *Government of Virgin Islands v. George*, 741 F.2d 643, 648 (1984) (citing *Specht v. Patterson*, 386 U.S. 605, 610, 87 S.Ct. 1209, 1212, 18 L.Ed.2d 326 (1967)), the Third Circuit Court of Appeals found that "procedural due process protection must inhere in any habitual or dangerous offender proceeding whereby a convicted defendant may be sentenced to a longer term of imprisonment pursuant to a statute that requires additional factfinding by the sentencing judge." The *Lowe* court specifically likened Tennessee's habitual criminal procedure to that addressed in *Specht* and found that "a fuller extension of due process rights should be made at such a proceeding than is required at a routine sentencing hearing conducted by a judge." *Lowe v. State*, 805 S.W.2d at 371.

■ The State contends that the petitioner has waived any *Lowe* issue that might have existed by his failure to plead it in his earlier direct appeal or post-conviction petition and that even if not waived, said petition is barred by the statute of limitations. We respectfully disagree.

Though the State argues that the petitioner failed to raise the erroneous jury instruction issue on direct appeal, the record indicates that the petitioner did, in fact, attempt to raise this issue on direct appeal. *See Jones*, 733 S.W.2d at 523–24. Not ruling on the merits, this Court found that the petitioner had waived this issue by not presenting it in his motion for a new trial.

Petitioner's first petition for post-conviction relief was filed on April 30, 1990. Although, as noted in *Lowe*, the issue of shifting the burden of proof in jury instructions regarding habitual criminal violations had been handled several different ways by the Court of Criminal Appeals prior to *Lowe*, it was not until February 25, 1991, that the Tennessee Supreme Court rendered the *Lowe* decision. *Lowe*, 805 S.W.2d at 368. Therefore, the petitioner's direct appeal and previous petition were dismissed prior to the *Lowe* decision. Since these direct and collateral attacks predate that decision, we find that the petitioner's *Lowe* issue has not been waived.

of any person in this state, or any other state, country or territory, under the same name as that by which such person is charged with the commission, or attempt at commission, of a felo-

ny under the terms of this chapter, shall be prima facie evidence that the identity of such person is the same."

The State also contends that the petitioner's *Lowe* issue is barred by the statute of limitations. Again, we do not agree.

T.C.A. § 40–30–102 provides that a prisoner must petition for post-conviction relief within three (3) years of the date of the final action of the highest appellate court to which an appeal is taken. For those convictions prior to July 1, 1986, the limitations period expired on July 1, 1989. *Abston v. State*, 749 S.W.2d 487 (Tenn.Crim.App.1988).

In *Burford*, however, the Tennessee Supreme Court, while upholding the constitutionality of the limitations statute, stated that "[a]lthough we have determined that the statute is constitutional, it is possible that under the circumstances of a particular case, application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided." *Burford*, 845 S.W.2d at 208. The Court further stated that "the test is whether the time period provides an applicant a reasonable opportunity to have the claimed issue heard and determined." *Id.*

■ In *Burford*, the Court balanced the State's legitimate interest in preventing the litigation of stale or fraudulent claims against a prisoner's interest in avoiding an excessive sentence that violated his constitutional rights. *Burford*, 845 S.W.2d at 209 (citing *Michel v. Louisiana*, 350 U.S. 91, 93, 76 S.Ct. 158, 160, 100 L.Ed. 83 (1955)). As did the Court in *Burford*, we find that the petitioner's claim was timely. It was filed within twenty-one (21) months of the *Lowe* decision. Also, as in *Burford*, we find that the government's interest is insufficient to outweigh the petitioner's interest in reviewing potentially unconstitutional jury instructions which resulted in a life sentence.

Upon finding that this post-conviction petition is not barred, we must further deal with the final issue of whether the petitioner's claim would have prevailed on its merits. We hold that it would not.

In *Lowe*, our Supreme Court held that the erroneous instruction did not warrant post-conviction relief absent a showing of prejudice. *Lowe*, 805 S.W.2d at 372. As Justice Daughtrey stated in *Lowe*, and we now hold

applicable to the case at bar, "in order to state a 'colorable claim' . . ., it [is] incumbent upon the petitioner to allege that without the unconstitutional jury charge regarding the weight to be given prior convictions in the 'same name' as his, he would not have been found to be an habitual criminal."

■ In the case before us, the petitioner does not contend that he was not in fact the person previously convicted. As in *Lowe*, the petitioner has not only failed to allege that the invalid instruction had any effect whatsoever on the outcome of his case, but he also pleaded a matter in direct contradiction. In his petition the petitioner alleges ineffective assistance of counsel for the reason that trial counsel allowed the State to introduce an Idaho conviction that was constitutionally invalid because he was not advised of his constitutional rights prior to entering the guilty plea.

In conclusion, we find that although the petitioner's claim has not been waived and is not barred by the statute of limitations, we affirm the trial court's dismissal of this post-conviction petition for failure to state a claim upon which relief may be granted.

WADE, J., concurs.

TIPTON, J., concurs and files separate concurring opinion.

TIPTON, Judge, concurring.

I concur in results only. I believe that the statute of limitations barred the court from considering the present petition and that *Burford v. State*, 845 S.W.2d 204 (Tenn.1992), has no bearing on this case.

The appellate process is to review trial court actions upon the record. In this case, except for one regarding double jeopardy, the grounds for relief presented in the *pro se* petition relate to the claim of the ineffective assistance of counsel. In this respect, the petitioner alleged that his trial attorney was ineffective by failing to object to the trial court's jury instruction on the prima facie identity evidence which improperly shifted the burden of proof to the petitioner.

On its face, the petition reflects that it is barred by the statute of limitations and con-

tains no allegation as to why it is not time-barred. Trial counsel was appointed to represent the petitioner, but no amendment was filed to the petition and no response was filed to the state's motion to dismiss because of the statute of limitations. When counsel is appointed and the case proceeds without any amendments, the trial court is entitled to take action on the pleadings and the records before it if such is warranted. This includes a dismissal for failure to state a claim for relief. *See State v. Smith,* 814 S.W.2d 45 (Tenn.1991). Also, it would include granting a motion to dismiss because the petition is time-barred. Such is what occurred in this case.

In his direct appeal from the conviction and life sentence, the petitioner contended that the use of the prima facie identity evidence statute, T.C.A. § 39–1–804 (1982) [repealed], and the trial court's jury instruction thereon impermissibly shifted to the petitioner the burden of proving that the prior convictions were not his. This court held that the issues were waived because the petitioner did not object to the instruction when it was given nor did he include either issue in his motion for new trial. *State v. Jones,* 733 S.W.2d 517, 523–24 (Tenn.Crim.App.1987). Most importantly for this case, this court also noted that the instruction given by the trial court was incorrect, indicating that it was worded as a mandatory presumption and not a permissive one. *Id.* It relied upon *State v. James Randolph Funzie,* No. 28, Shelby Co., 1986 WL 3540 (Tenn.Crim.App., Mar. 19, 1986), *applic. denied* (Aug. 4, 1986) (concurring in results only), in which this court reversed an habitual criminal sentence and held that the proper instruction should be couched in terms that the jury "may, but need not, make the inference in question."

This means that the petitioner was put on notice in his direct appeal that the instruction in his case was improper and that the refusal of this court to give him relief might have resulted from his attorney's ineffectiveness. The then availability of this ground for relief is buttressed by the fact that this court had previously held that the prima facie identity evidence statute did not create a mandatory presumption, but only a permissive inference.

*See State v. Woodson,* 705 S.W.2d 677 (Tenn. Crim.App.1985).

Given this state of the law and, specifically, the law of the petitioner's case, I have difficulty in concluding that the petitioner did not have the opportunity, as *Burford* contemplates due process to require, to present the claim he now raises within the applicable three-year statute of limitations. I acknowledge that there were some conflicting unpublished opinions in Tennessee about the propriety of using a prima facie evidence instruction in the sentencing phase of an habitual criminal case and that *Lowe v. State,* 805 S.W.2d 368 (Tenn.1991), finally resolved the conflict. It may well be that *Burford* would allow a *Lowe* claim to be filed outside of the original statute of limitations in the appropriate case. However, this does not mean that the constitutional right at issue did not exist for this particular petitioner in such a fashion as to allow him the opportunity to assert it before the statute of limitations ran, particularly in the context of his complaint that his trial attorney was ineffective by failing to preserve a claim which this court stated would, otherwise, have merit.