# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 21, 2015

## ROY LEN ROGERS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rhea County**
**No. 16878     J. Curtis Smith, Judge**

_____

**No. E2015-00255-CCA-R3-PC – Filed July 27, 2015**

_____

Petitioner, Roy Len Rogers, was convicted of first degree premeditated murder, second degree murder, and reckless endangerment. *State v. Roy Len Rogers*, No. E2011-02529-CCA-R3-CD, 2013 WL 5371987, at *1 (Tenn. Crim. App. Sept. 23, 2013), *perm. app. denied* (Tenn. Apr. 11, 2014). The trial court merged the second degree murder conviction into the first degree murder conviction and sentenced petitioner to a mandatory life sentence for the murder conviction and to a concurrent term of eleven months and twenty-nine days for the reckless endangerment conviction. *Id.* This court upheld petitioner's conviction on direct appeal. *Id.* The *pro se* petitioner filed the instant petition for post-conviction relief, in which he alleged numerous infractions of the trial court, trial counsel, and the State. The post-conviction court summarily dismissed the petition, stating that the issues had been addressed in petitioner's direct appeal. On appeal, petitioner argues that the post-conviction court erred by summarily dismissing his petition without appointing counsel. Following our review of the record, the parties' briefs, and the applicable law, we reverse the judgment of the post-conviction court and remand for appointment of counsel and further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

ROGER A. PAGE, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Roy Len Rogers, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; James Michael Taylor, District Attorney General; and James William Pope III, Assistant District Attorney General, for the Appellee, State of Tennessee.

# OPINION

Petitioner filed a *pro se* petition requesting post-conviction relief on July 14, 2014. In his petition, petitioner alleged several errors committed by the trial court, trial counsel, and the State. In summarily dismissing the petition, the post-conviction court stated, in part:

> [F]rom all of which it duly appears to the Court that the petition alleges the following:
>
> (1.) The evidence was insufficient to convict Petitioner of first degree murder;
> (2.) The State withheld exculpatory evidence;
> (3.) The trial court erred in not allowing the 911 tape to be played.
>
> All of these issues were raised on direct appeal. . . . A petition shall be dismissed if the claims for relief have been previously determined. . . . Issues previously determined on direct appeal cannot be litigated in a post-conviction proceeding.

On appeal, petitioner alleges that in addition to the issues addressed by the post-conviction court, his petition also alleged ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of indictment. Petitioner argues that these allegations presented a colorable claim for relief and that the post-conviction court should not have summarily dismissed the petition; it should have appointed counsel who could have considered filing an amended petition and aided petitioner in articulating his legal arguments with more clarity. In support of his argument, petitioner indicates two specific segments of his petition in which he argued ineffective assistance of counsel, prosecutorial misconduct, and insufficiency of his indictment. These unedited segments are as follows:

> The case at Bar has no one to say that Mr. Rogers was the man that fired the shot into the window. The shot was fired at about 12:00am. At 12:09am a Daniel Witherow testified he and Mr. Rogers' "Petitioner" were on the phone talking to each other. This is why if the phone records would have been submitted it would show this to be true and for his trial counsel and the state's D.A. not to do so violated <u>Jacksons</u>, <u>Strickland v. Washington</u>, see also, <u>U.S. v. Bess</u>, 593 F.2d 749. (C.A. 6 Ky.) 1979, "an attorney's job arguing a case before a jury is to persuade that body, based solely on proof at trial and reasonable inferences that can be deducted therefrom, and this applies to both defense and prosecuting counsel."

. . . .

> On the evidence presented to the second degree murder charge on Greg Brown, there was one shot fired into the home, not another shot, therefore the intent to kill Mr. Brown. Since the shot was fired into the home, no intent is there. Therefore, the element of the indictment of intent makes the indictment void. Since the indictment is void, the conviction and judgment must be dismissed. See <u>Exparta Bain</u>, <u>Stirone</u>, as well as the subject matter T.R.C.P. 12(b) (2), 13 (b). <u>Cummings v. Pattersons</u>.

Our supreme court has stated "that a pro se petition under the Act is 'held to less stringent standards than formal pleadings drafted by lawyers, and the test is whether it appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief.'" *Swanson v. State*, 749 S.W.2d 731, 734 (Tenn. 1988) (quoting *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1975)) (alteration in original). To survive a summary dismissal, a post-conviction petition must state a colorable claim for relief. *See* Tenn. Code Ann. § 40-30-106; Tenn. Sup. Ct. R. 28 § 5(F)(5). Tennessee Supreme Court Rule 28 § 2(H) defines a colorable claim as "a claim . . . that, if taken as true, in the light most favorable to the [appellant], would entitle [appellant] to relief . . . ." "[W]hen a colorable claim is presented in a *pro se* petition, dismissal without appointment of counsel to draft a competent petition is rarely proper." *Id.* (quoting *Baxter*, 523 S.W.2d at 939). "If the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Id.* (citing Tenn. Code Ann. §§ 40-30-104, -107, -115). "'Where a petition conclusively shows that the petitioner is entitled to no relief, it is properly dismissed without the appointment of counsel and without an evidentiary hearing. T.C.A. § 40-30-109. . . .'" *Id.* (quoting *Givens v. State,* 702 S.W.2d 578, 580 (Tenn. Crim. App. 1985)). Our supreme court has also stated that a *pro se* petition alleging ineffective assistance of counsel must allege both deficient performance and prejudice because "even a pro se petition should assert a basic theory of relief." *Lowe v. State*, 805 S.W.2d 368, 372 (Tenn. 1991). We review the post-conviction court's dismissal of the petition de novo. *Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004).

Taking petitioner's allegations as true, in the light most favorable to the petitioner, we conclude that the petition stated a colorable claim under the Post-Conviction Procedure Act. While the trial court was correct that the three main issues raised in the petition had been addressed on direct appeal, therefore rendering those issues nonjusticiable for post-conviction relief, at a minimum, the petition adequately raised ineffective assistance of counsel as an issue as well. Petitioner alleged that there were additional telephone records that would have exonerated him had trial counsel presented them at trial. Petitioner cited *Strickland v. Washington*, 466 U.S. 668 (1984), the landmark case addressing ineffective assistance of counsel. After our review of

petitioner's petition and the direct appeal opinion, while we note that testimony was offered at trial about petitioner's cellular telephone usage, we understand petitioner's argument to allege that there were additional cellular telephone records, such as location data, that were not introduced at trial. Therefore, petitioner adequately, although inarticulately, alleged that trial counsel was deficient in failing to introduce the exonerative telephone records at trial and that the failure prejudiced him because he was found guilty rather than absolved of wrongdoing.

Regarding petitioner's claim that he also effectively challenged the sufficiency of his indictment and prosecutorial misconduct, we are unable to conclude if this allegation has any legal merit due to the inartful drafting of the pleading.[1] However, as stated above, "[i]f the availability of relief cannot be conclusively determined from a *pro se* petition and the accompanying records, the petitioner must be given the aid of counsel." *Swanson*, 749 S.W.2d at 734 (citing Tenn. Code Ann. §§ 40-30-104, -107, -115).

Under these circumstances, we conclude that petitioner's petition stated a colorable claim and that the post-conviction court erred in summarily dismissing the petition without appointing counsel. We therefore remand the case for appointment of counsel and further proceedings consistent with this opinion.

## CONCLUSION

Following our review of the parties' briefs, the record, and the applicable law, we reverse the judgment of the post-conviction court and remand for appointment of counsel and further proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE

---

[1] We note that petitioner's claim challenging his indictment could either be construed as a challenge to the sufficiency of evidence, which was addressed on direct appeal, or as an actual challenge to the sufficiency of his indictment. Normally, challenges to an indictment must be raised pre-trial; however, a defendant can challenge the indictment at any time while the case is pending when challenging the lack of subject matter jurisdiction in the court or when alleging that the indictment failed to charge an offense. Tenn. R. Crim. P. 12(b)(2)(B); *State v. Nixon*, 977 S.W.2d 119, 120-21 (Tenn. 1997). Due to the drafting of the petition, we are unable to conclude which legal argument petitioner seeks to present.