# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



FILED

April 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | |
| | **)** | **C.C.A. NO. 02C01-9804-CR-00109** |
| Appellee, | **)** | |
| | **)** | **SHELBY COUNTY** |
| VS. | **)** | |
| | **)** | **HON. JOSEPH B. DAILEY,** |
| **ANTHONY BONAM,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (Burglary of a Motor Vehicle) |

FOR THE APPELLANT:         FOR THE APPELLEE:

**A C WHARTON**
District Public Defender

**WALKER GWINN**
Asst. Public Defender
   (On Appeal)

**BYRON WINSETT**
   -and-
**DIANNE THACKERY**
Asst. Public Defenders
201 Poplar Ave., Suite 201
Memphis, TN 38103
   (At Trial)

**JOHN KNOX WALKUP**
Attorney General & Reporter

**ELIZABETH T. RYAN**
Asst. Attorney General
John Sevier Bldg.
425 Fifth Ave., North
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**JAMES LAMMEY**
   -and-
**JERRY HARRIS**
Asst. District Attorneys General
201 Poplar Ave., Suite 301
Memphis, TN 38103

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was convicted of burglary of a motor vehicle and sentenced as a Range III persistent offender to serve five years in the Department of Correction. He now appeals, arguing that he was denied due process of law and a trial by jury because the trial court instructed the jury with what he appears to claim is a mandatory presumption on the issue of intent. Finding no merit to the defendant's argument, we affirm his conviction and sentence.

The trial evidence established that an off-duty police officer moonlighting as a security guard at a Memphis bus station observed the defendant peering into cars parked in a parking lot across the street. Inconspicuously situated in the parking lot, a parking lot attendant also observed the defendant's suspicious behavior. Both the security guard and the parking lot attendant witnessed the defendant look around as if to determine whether he was being observed, throw a brick or rock through the side window of a Suburban, open the Suburban's door, and climb into the vehicle. The security guard radioed for help while the parking lot attendant trapped the defendant by blocking the passenger side doors with his vehicle and manually holding shut the door on the driver's side where the defendant was sitting. According to the parking lot attendant, the defendant could not move inside the Suburban because he had a television set on his lap.

The owner of the Suburban, an Alabama judge, testified that her suitcase and a combination TV/VCR that was covered by a sleeping bag were in the rear cargo area of her Suburban when she parked in the parking lot. After the defendant broke into her vehicle, however, she found her television in the back seat and the contents of her

suitcase scattered throughout the vehicle. She testified she did not give the defendant permission to enter her Suburban or remove items from it.

The trial transcript does not contain the charge as read to the jury. As this Court has previously admonished, a transcription of the jury charge as read to the jury is generally necessary to facilitate full appellate review of jury instruction issues. See, e.g., State v. Richard T. Smiley, No. 03C01-9707-CR-00305, Blount County (Tenn. Crim. App. filed October 6, 1998, at Knoxville). This is especially true in this case, as Volume III of the record begins with a document filed by the State requesting "the attached special jury instructions be given by the Court to the jury," referring at least in part to the instruction challenged in this case. The State's request does not reflect whether it was granted or denied. Immediately following the request are fourteen pages of jury instructions, including the instruction challenged here. Without further explanation (Volume III of the record does not contain a table of contents), it is unclear to this Court whether the fourteen pages of instructions are the attachments to the State's request for special jury instructions or whether the instructions are actually the full charge as supposedly read to the jury.

Of course, this confusion could have been prevented had either party simply requested transcription of the jury charge as read to the jury. Nonetheless, both parties appear to agree that the fourteen pages of instructions following the State's request for special instructions are representative of the charge as read to the jury. In order to dispose of the defendant's appeal on the merits, we will base our decision on the fourteen pages of jury instructions as if it were the jury charge as read to the jury.

The written instructions reflect the jury was told that in order to find the

defendant guilty of burglary in this case, the State must have proven beyond a reasonable doubt all elements of burglary, including intent to commit a theft. With regard to intent, the charge reads,

> In order to establish that the defendant entered the automobile with the intent to commit theft, specific substantive proof of said intent is not required. Intent to commit theft may be inferred from the actual breaking and entering of an automobile which contains things of value.

Later in the charge, it was reiterated that the State must prove every element beyond a reasonable doubt.

The defendant challenges the portion of the jury charge that instructs the jury that "specific substantive proof" of intent is not required and that it may infer intent. According to the defendant, reasonable jurors might interpret this portion of the charge to mean that the State did not need to prove intent in order to secure a conviction and that the burden of persuasion was shifted to the defendant. The defendant argues that reversible error thus resulted because the trial court did not give further clarifying instructions that the burden had not shifted and that the jurors need not apply the inference.

A challenge to a single jury instruction must be judged in context of the entire jury charge. See, e.g., Cupp v. Naughten, 414 U.S. 141, 146-147 (1973); State v. Bolin, 678 S.W.2d 40, 43 (Tenn. 1984). In determining the constitutionality of a jury instruction regarding a legal inference, the threshold inquiry is to determine whether the instruction creates a mandatory presumption or a permissive inference. Bolin, 678 S.W.2d at 42 (citing Sandstrom v. Montana, 442 U.S. 510 (1979)). A mandatory presumption requires the trier of fact to presume a certain fact unless the defendant can submit evidence to rebut the presumption, while a permissive inference allows, but does not require, the trier of fact to infer a fact from the State's proof without placing any

4

burden on the defendant. Bolin, 678 S.W.2d at 42 (citing Ulster County Court v. Allen, 442 U.S. 140 (1979)). Distinguishing between a mandatory presumption and a permissive inference requires careful attention to the specific language of the jury instruction and the manner in which a reasonable juror could have interpreted the instruction. Bolin, 678 S.W.2d at 42 (citing Sandstrom, 442 U.S. at 514).

In this case, the challenged jury instruction contained the word "may," which itself conveyed the permissive rather than mandatory nature of the inference. Cf. State v. Merriweather, 625 S.W.2d 256 (Tenn. 1981)(use of word "shall" could have led jury to conclude that burden of proof shifted to defendant); State v. Bryant, 585 S.W.2d 586 (Tenn. 1979)(same). The jury charge as a whole explained to the jury that the State had the burden of proving every element of burglary, including intent, but to err on the side of caution, the trial court could have reiterated to the jury that it was not required to apply the inference. See Merriweather, 625 S.W.2d at 258; Bryant, 585 S.W.2d at 590. Even without further clarifying instructions, however, the challenged instruction did not constitute error because "no reasonable jury could have interpreted the challenged instruction as mandatory or conclusive or as shifting to the defendant the burden of persuasion" on the element of intent. Bolin, 678 S.W.2d at 44.

Even if, as the defendant contends, the challenged instruction was unconstitutional, the jury instruction was harmless in this case. See Adkins v. State, 911 S.W.2d 334, 344 (Tenn. Crim. App. 1994)(citing Rose v. Clark, 478 U.S. 570, 582 (1986))(stating that Sandstrom challenges are subject to harmless error analysis). The record reveals that the defendant looked around the parking lot in a suspicious manner before he forcefully broke a window to gain access to the Suburban, even though he did not have permission to enter the Suburban. Once inside the vehicle, the defendant

5

retrieved a combination TV/VCR that was covered with a sleeping bag in the rear cargo area and placed it on his lap. The contents of the victim's suitcase, which was also in the rear cargo area, were found scattered throughout the vehicle. This is ample proof the defendant intended to steal items from the Suburban. Thus, any error is harmless, which precludes reversal on this basis. Tenn. R. Crim. P. 52(a). The defendant's conviction and sentence are affirmed.

_____
JOHN H. PEAY, Judge


CONCUR:


_____
JOE G. RILEY, Judge


_____
JAMES C. BEASLEY, JR., Special Judge