# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs December 4, 2002

## STATE OF TENNESSEE v. DENNIS MORGAN

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-04904      John P. Colton, Judge**

_____

**No. W2001-00125-CCA-R3-CD  - Filed March 27, 2002**

_____

David G. Hayes, J., dissenting.

I am unable to join with the majority's holding that the jury instructions as submitted "deprived the defendant of right to present a defense." First, I find the defendant to be the beneficiary of a gratuitous self-defense instruction based upon the proof introduced at trial. Not every cry of fear from a defendant justifies an instruction on self-defense. The test for determining whether the defense should be instructed is an objective one, not subjective. *State v. Bult*, 989 S.W.2d 730, 732 (Tenn. Crim. App. 1998). Nonetheless, even assuming the instruction was warranted, I find that the error did not infringe upon the defendant's constitutional right to present a defense, as the majority finds, because the trial court submitted to the jury a self-defense instruction. The question, I believe, is whether omission of the single word "attempted" from the self-defense instruction, when viewed within the entire context of the instruction, was confusing, misleading, or prejudicial. *State v. Hodges*, 944 S.W.2d 346, 351-52 (Tenn. 1997); *State v. Bonam*, 7 S.W.3d 87, 89-90 (Tenn. Crim. App. 1999). Because I find that the error did not affect the result of the trial on its merits, I find the error harmless. *See* Tenn. R. Crim. P. 52(a).

> In conducting a harmless error review, the appellate court 'must identify and evaluate all of the evidence considered by the jury in addition to ascertaining the probable effect of the alleged error itself;' the court must then consider the error in relation to all else that happened. If the reviewing court can conclude that the error was unimportant in relation to everything else the jury considered in reaching its ultimate result, the error can be deemed harmless. Thus, the question is not whether the result reached by the jury is correct absent the error, but rather, whether the error contributed to the jury's result.

*State v. Harris*, 989 S.W.2d 307, 318 (Tenn. 1999) (Hayes, Sp. J. concurring) (citations omitted).

At trial, the proof established that the defendant admitted that while displaying a deadly weapon, he forced the unarmed victim to lie on the ground. The eye witness, Christina Bruno,

testified that she observed a person lying on the ground and saw the defendant, who was holding a gun in his right hand, point the gun in the direction of the person on the ground and then saw "fire come out of the gun." Ms. Bruno further testified that, when observing the person on the ground, it "looked like he was on his stomach." The driver of the vehicle in which Ms. Bruno was a passenger testified that she observed the incident from the rear view mirror of her vehicle and that she saw a man standing, aiming a pistol "down"and then heard two gunshots which were closely spaced. The post-mortem examination established that the victim sustained a gunshot wound to the back of the head and to the back of the chest.

When considered within the context of the entire charge and the overwhelming proof that a defense of self-defense was not supported by the evidence, I find the error had no impact upon the jury's verdict and was, thus, harmless. Accordingly, I would affirm the judgment of the trial court.

_____
David G. Hayes, Judge